FILED
JUN 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith, #52962-019 )
POB 1030                    )
Coleman, FLA.   Plaintiff,  )
33521                       )
v                           )    CIVIL COMPLAINT
                            )    Title 5 USC § 552
                            )
                            )
FEDERAL BUREAU OF INVESTIGATION, )   Case: 1:07-cv-01183
                    Defendant. )     Assigned To : Roberts, Richard W.
                                     Assign. Date : 6/29/2007
                                     Description: FOIA/Privacy Act

## COMPLAINT

Comes Now, Gary L Smith, Pro Se Plaintiff, hereby submits this complaint to this Honorable Court. The Plaintiff is seeking relief under the Freedom of Information Act, Title 5 U.S.C. § 552 and the Privacy Act, Title 5 USC § 552a.

## JURISDICTION

1. This Court has jurisdiction pursuant to Title 5 U.S.C. § 552(a)(4)(B) and Title 5 U.S.C. § 552a(g)(1)(B).

— 1 —

1

## PARTIES

2. The Plaintiff, Gary L Smith, is a Citizen of Florida, committed as a prisoner to the custody of the United States federal government, who at all times relevant to this action, was warehoused at various locations of the Federal Bureau of Prisons. The Plaintiff is currently located at: P.O. Box 1034; Coleman, Florida 33521-1034. His federal registration number is: 52962-019.

3. The Defendant, the Federal Bureau of Investigations, is a federal agency (within the definations set forth in Title 5 §§ 551(1) and 552(f)). It has offices located at: Tenth Street and Constitution Avenue, NW; Washington, DC 20530. It has various field offices located in Atlanta, Georgia; Sacramento, California; Los Angeles, California; Springfield, Illinois; Kansas City, Missouri; Tampa, Florida and Quantico, Virginia.

## CLAIM ONE
"Field office addresses"

4. On August 18, 2006, the Plaintiff mailed a Freedom of Information Act (Title 5 USC § 552) and Privacy Act (Title 5 USC § 552a) request to the Defendant, requesting addresses for various FBI field offices (Chicago, IL; Atlanta, GA; Kansas City, MO; Las Vegas, NV; Tampa, FL; Sarasota, FL; San Fransisco, CA; Quantico, VA; and the

- 2 -

office where Agent David Loveall works).

5. On October 17, 2006, the Plaintiff deemed the lack of response by the Defendant as an exhaustion of his administrative remedies, pursuant to Title 5 U.S.C. § 552(a)(6)(C)(i)

6. On October 17, 2006, the Plaintiff mailed an appeal[1] via certified mail (#7006 0810 0002 1918 9291) to the Defendant via the Department of Justice, seeking expedited processing of this appeal, pursuant to Title 5 USC § 552(a)(6)(E).

7. On November 15, 2006, the Plaintiff deemed the lack of a response of his appeal as an exhaustion of administrative remedies available to the Plaintiff. Pursuant to Title 5 USC § 552(a)(6)(E)(iii) and Title 5 USC § 552(a)(6)(C)(i), the Plaintiff is seeking judicial review.

## CLAIM Two
"Atlanta Field Office"

---

1. Even though the Plaintiff has exhausted his administrative remedies and is able to file suit, in the interest of justice, he has appealed this denial of his request to the Department of Justice.

— 3 —

8. On October 9, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 USC § 552) and Privacy Act (Title 5 USC § 552a) request to the Atlanta field office of the Defendant via certified mail (# 7006 0810 0002 1918 8508), seeking disclosure of all information in the Atlanta field office that relates or references the Plaintiff.

9. On November 15, 2006, the Plaintiff deemed the lack of response by the Atlanta field office of the Defendant as an exhaustion of administrative remedies, pursuant to Title 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B). The Plaintiff is seeking judicial review.

## CLAIM THREE
"Atlanta Field Office II"

10. On September 19, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 USC § 552) and Privacy Act (Title 5 USC § 552a) request to the Atlanta Field Office of the Defendant, seeking disclosure of previously filed FOIA/PA requests and the addresses of various other field offices of the Defendant (e.g. Quantico, VA; Kansas City, MO; Chicago, IL; Las Vegas, NV; San Fransisco, CA; Los Angeles, CA; St. Louis, MO; and Fort Myers, FL)

11. On September 21, 2006, the Atlanta field office responded, stating they were forwarding the Plaintiff's request to the Defendant's Headquarters in Washington, DC.

— 4 —

12. On October 10, 2006, the Defendant replied, assigning case number 1060084-000 to the Plaintiff's request. The Defendant denied the Plaintiff's request, citing Title 5 USC § 552(b)(7)(A) as the reason for the denial.

13. On October 20, 2006, the Plaintiff appealed to the Department of Justice via Certified Mail (#7006 0810 0002 1918 8584).

14. On November 30, 2006, the Plaintiff deemed the lack of a response of the appeal as an exhaustion of administrative remedies available to the Plaintiff. Pursuant to Title 5 U.S.C. §§ 552(a)(6)(E)(iii) and 552(a)(6)(c)(i), the Plaintiff is seeking judicial review.

## CLAIM FOUR
### "Atlanta Field Office III"

15. On August 22, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 U.S.C. § 552) and Privacy Act (Title 5 U.S.C. § 552a) request seeking disclosure of information in the Atlanta Field Office of the Defendant that relates or references the Plaintiff.

16. On August 23, 2006, the Atlanta Field Office forwarded the Plaintiff's request to the Defendant's Headquarters in Washington DC. The Defendant assigned 1039550 to this request

— 5 —

17. On September 20, 2006, the Plaintiff deemed the lack of response by the Defendant as an exhaustion of his administrative remedies, pursuant to Title 5 U.S.C. § 552(a)(6)(C)(i). The Plaintiff filed a timely appeal with the Defendant and assigned number 06-3165.

18. On October 20, 2006, the Plaintiff gave notice to the Defendant via certified mail (7006 0810 0002 1918 8584) that the Plaintiff had exhausted his available administrative remedies, pursuant to Title 5 USC § 552(a)(6)(C)(i) and is now seeking judicial review.

## CLAIM FIVE
### "Los Angeles Field Office"

19. On November 3, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 USC § 552) and Privacy Act (Title 5 USC § 552a) request to the Los Angeles Field office of the Defendant (via certified mail #7006 0810 0002 1918 9345) seeking disclosure of all information in the Los Angeles field office of the Defendant's that relates or references the Plaintiff.

20. On December 16, 2006, the Plaintiff deemed the lack of response by the Defendant as an exhaustion of his administrative remedies, pursuant to Title 5 §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

## CLAIM SIX
"Springfield, Ill Field Office"

22. On November 6, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 USC § 552) and Privacy Act (Title 5 USC § 552a) request to the Defendant's Springfield, Illinois field office (via certified mail # 7006 0810 0002 1918 9369) seeking disclosure of all information in the Springfield (Chicago), Illinois field office that relates or references the Plaintiff.

23. On November 13, 2006, the Springfield field office of the Defendant's referred the Plaintiff's request to the Defendant's Headquarters in Washington DC.

24. On December 26, 2006, the Plaintiff deemed the lack of a response by the Defendant as an exhaustion of his administrative remedies, pursuant to Title 5 §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

## CLAIM SEVEN
"Kansas City Field Office"

25. On September 12, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 USC §§ 552) and the Privacy Act (Title 5 USC § 552a) request to the Defendant's Kansas City field

- 7 -

administrative remedies, pursuant to Title 5 USC §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

## CLAIM NINE
"Quantico Field Office"

30. On November 16, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 U.S.C. § 552) and Privacy Act (Title 5 U.S.C. § 552a) request to the Defendant's Forensic Audio, Video. and Image Analysis Unit in Quantico Virginia (via certified mail #7006 0810 0002 1918 8669) seeking disclosure of all information in the Quantico Field Office that relates or references the Plaintiff.

31. On January 2, 2007, the Plaintiff deemed the lack of a response by the Quantico office of the Defendant's as an exhaustion of his administrative remedies, pursuant to Title 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

## CLAIM TEN
"Tampa Field Office"

32. On November 6, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 U.S.C. § 552) and Privacy Act (Title 5 U.S.C.

office requesting disclosure of all information in the Kansas City field office that relates or references the Plaintiff.

26. On September 20, 2006, the Kansas City field office of the Defendant's referred the Plaintiff's request to the Defendant's Headquarters in Washington DC.

27. On October 17, 2006, the Plaintiff deemed the lack of a response by the Defendant as an exhaustion of his administrative remedies, pursuant to Title 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a (g)(1)(B).

## CLAIM EIGHT
"Sacramento, CA Field Office"

28. On November 6, 2006, the Plaintiff filed a Freedom of Information Act (Title 5 U.S.C. § 552) and Privacy Act (Title 5 U.S.C. § 552a) request to the Defendant's Sacramento California field office (via certified mail # 7006 2760 0001 6725 1682), seeking disclosure of all information in the Sacramento field office that relates or references the Plaintiff.

29. On December 26, 2006, the Plaintiff deemed the lack of a response by the Defendant as an exhaustion of his

- 8 -

§ 552a) request to the Defendant's Tampa Florida Field Office (via certified mail #7006 0810 0002 1918 9352) seeking disclosure of all information in the Tampa Field Office that relates or references the Plaintiff.

33. On December 6, 2006, the Plaintiff deemed the lack of a response by the Defendant as an exhaustion of his administrative remedies, pursuant to Title 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

## RELIEF REQUESTED

34. The Plaintiff is requesting this Court compel the Defendant to fulfill the Plaintiff's FOIA/PA request as outlined in claims one through ten above;

35. To have the Defendant fulfill the Plaintiff's FOIA/PA request within ten (10) days of this Court's order because of the Plaintiff's compelling need for his Habeas Corpus appeal. Furthermore, because of the Plaintiff's need to demostrate his illegal confinement, the government has no interest in withholding these records. See Rice v Black, 112 FRD 620.;

36. The Defendant bear all costs and fees associated with this action and costs of complying with this Courts order,

pursuant to Title 5 U.S.C. § 552(a)(4)(E);

36. Any other relief deemed by this Court.

Respectfully submitted,

*[signature]*

Date: 11-Jun-07

Gary L. Smith, Pro Se

#52962-019
P.O. Box 1034
Coleman, Florida 33521-1034

- 11 -

*I*
*07-1183*
*RWR*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Gary L. Smith

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro se (PR)

**DEFENDANTS**

Federal Bureau of Investigation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-01183
Assigned To : Roberts, Richard W.
Assign. Date : 6/29/2007
Description: FOIA/Privacy Act

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one in a corresponding Nature of Suit**)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☒ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/* 2255 <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
05:552 Freedom of Information

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 0   Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO  If yes, please complete related case form.

DATE 6.29.07   SIGNATURE OF ATTORNEY OF RECORD  /NCD/

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd