UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY L. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:07-CV-01183 |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the Federal Bureau of Investigation ("FBI"), by and through its undersigned counsel, hereby answers plaintiff's Complaint filed on June 29, 2007, and upon information and belief states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The U.S. Department of Justice is the only proper party defendant in this Freedom of Information Act case. See 5 U.S.C. § 552(a)(4)(B).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Defendant responds to the numbered and unnumbered paragraphs of plaintiff's Complaint as set forth below:

### JURISDICTION

1. This paragraph consists of plaintiff's allegations of jurisdiction and not averments

of facts to which an answer is required.

## PARTIES

2. First sentence: Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 2. Second and third sentences: admitted.

3. Defendant denies the first sentence of this paragraph. Defendant denies the second sentence of this paragraph, and avers that the FBI Headquarters ("FBIHQ") is located at 935 Pennsylvania Ave., N.W., Washington, D.C. 20535. Defendant denies the third sentence of this paragraph, except to aver that it has 56 field offices in various cities nationwide, to include. Atlanta, Sacramento, Los Angeles, Springfield, Kansas City, and Tampa; and further avers that Quantico, Virginia, is not a field office and is deemed to be part of FBIHQ.

## CLAIM ONE
"Field Office Addresses"

4. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and avers that if plaintiff submitted a request for the addresses of various FBI field offices to FBIHQ, this request would not be treated as a Freedom of Information Act ("FOIA")/Privacy Act request by defendant.

5. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

6. Defendant admits that on October 23, 2006, an item was delivered to the U.S.

Department of Justice ("DOJ") with the tracking number of 7006 0810 0002 1918 9291. However, the DOJ's Office of Information and Privacy ("OIP") has no record of receiving such a letter from plaintiff.

7. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

### CLAIM TWO
"Atlanta Field Office"

8. Defendant admits that by letter dated October 9, 2006, plaintiff made a FOIA/Privacy Act request to the FBI Atlanta Field Office and further avers that by letter dated October 18, 2006, from the Atlanta Field Office, it acknowledged receipt of plaintiff's FOIA/Privacy Act request, and stated that this request was referred to FBIHQ for processing.

9. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

### CLAIM THREE
"Atlanta Field Office II"

10. Defendant admits that by letter dated September 19, 2006, plaintiff made a FOIA/Privacy Act request to the FBI Atlanta Field Office. Said letter is the best evidence of its contents.

11. Defendant admits that by letter dated September 21, 2006, from the Atlanta Field Office, it acknowledged receipt of plaintiff's FOIA/Privacy Act request, and stated that this request was referred to FBIHQ for processing.

12. Defendant FBI admits that by letter dated October 10, 2006, it responded to the plaintiff's FOIA/Privacy Act request dated September 19, 2006, referred to in Paragraph 10 above, stating that "[t]he material you requested is located in an investigative file which is exempt from disclosure pursuant to [FOIA Exemption] (b)(7)(A)."

13. Defendant admits that on October 31, 2006, an item was delivered to the U.S. Department of Justice ("DOJ") with the tracking number of 7006 0810 0002 1918 8584. However, the DOJ's Office of Information and Privacy ("OIP") has no record of receiving such a letter from plaintiff.

14. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

## CLAIM FOUR
"Atlanta Field Office III"

15. Defendant admits that by letter dated August 22, 2006, plaintiff made a FOIA/Privacy Act request to the FBI Atlanta Field Office. Said letter is the best evidence of its contents.

16. Defendant admits that by letter dated August 23, 2006, from the Atlanta Field Office, it acknowledged receipt of plaintiff's FOIA/Privacy Act request, and stated that this request was referred to FBIHQ for processing.

17. Defendant FBI lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph. Defendant further avers that it cannot locate a copy of the September 20, 2006 letter referred to in plaintiff's Complaint. However, Defendant avers that by letter dated September 12, 2006, plaintiff contacted the FBI concerning the handling of his

4

FOIA/Privacy Act request dated August 22, 2006, referred to in Paragraph 15 above, and stated that he was "requesting an appeal of the Atlanta FBI's Field Office decision." The September 12, 2006, letter is the best evidence of its contents.

18.  Defendant admits that on October 31, 2006, an item was delivered to the U.S. Department of Justice ("DOJ") with the tracking number of 7006 0810 0002 1918 8584. However, the DOJ's Office of Information and Privacy ("OIP") has no record of receiving such a letter from plaintiff. Defendant further states that it denies this paragraph as said paragraph contains conclusions of law and not averments of fact, to which no response is required.

## CLAIM FIVE
"Los Angeles Field Office"

19.  Defendant admits that by letter dated November 3, 2006, plaintiff made a FOIA/Privacy Act request to the FBI Los Angeles Field Office. Said letter is the best evidence of its contents.

20.  Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

## CLAIM SIX
"Springfield, IL Field Office"

22 [sic].  Defendant admits that by letter dated November 6, 2006, plaintiff made a FOIA/Privacy Act request to the FBI Los Angeles Field Office. Said letter is the best evidence of its contents.

23.  Defendant admits that by letter dated November 13, 2006, from the Springfield Field Office, it acknowledged receipt of plaintiff's FOIA/Privacy Act request, and stated that this

request was referred to FBIHQ for processing. Said letter is the best evidence of its contents.

24. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

## CLAIM SEVEN
"Kansas City Field Office"

25. Defendant admits that by letter dated September 12, 2006, plaintiff made a FOIA/Privacy Act request to the FBI Kansas City Field Office. Said letter is the best evidence of its contents.

26. Defendant admits that by letter dated September 20, 2006, from the Kansas City Field Office, it acknowledged receipt of plaintiff's FOIA/Privacy Act request, and stated that this request was referred to FBIHQ for processing. Said letter is the best evidence of its contents.

27. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

## CLAIM EIGHT
"Sacramento, CA Field Office"

28. Defendant admits that by letter dated November 6, 2006, plaintiff made a FOIA/Privacy Act request to the FBI Sacramento Field Office and further avers that by letter dated December 15, 2006 from FBIHQ it acknowledged receipt of plaintiff's FOIA/Privacy Act request. The above-referenced letters are the best evidence of their contents.

29. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may

be required, defendant denies.

### CLAIM NINE
"Quantico Field Office"

30.     Defendant admits that by letter dated November 16, 2006, plaintiff made a FOIA/Privacy Act request to its facilities in Quantico, Virginia, avers that Quantico, Virginia, is not a separate field office, but rather is considered part of FBIHQ. Accordingly, this was deemed a FOIA/Privacy Act request to FBIHQ. Defendant further avers that by letter dated December 13, 2006, from FBIHQ it acknowledged receipt of plaintiff's FOIA/Privacy Act request. These letters are the best evidence of its contents.

31.     Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

### CLAIM TEN
"Tampa Field Office"

32.     Defendant admits that by letter dated November 6, 2006, plaintiff made a FOIA request to the FBI Tampa Field Office and avers that by letter dated December 18, 2006, from FBIHQ it responded to FOIA/Privacy Act request dated November 6, 2006, stating that "[n]o records responsive to your [FOIA/Privacy Act] request were located by a search of the automated indices." These letters are the best evidence of its contents.

33.     Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, defendant denies.

<u>RELIEF REQUESTED</u>

The remaining paragraphs represent plaintiff's Prayer for Relief to which an answer is not required, but insofar as an answer may be required, defendant denies that plaintiff is entitled to the relief requested or to any other relief whatsoever.

Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the complaint.

WHEREFORE, Defendant prays for an order: (1) denying plaintiff's request for relief; and (2) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:
Sarah Jirousek-Wint, Esq.
Assistant General Counsel
FOIA Litigation Unit
Office of the General Counsel
Federal Bureau of Investigation

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class Mail; postage prepaid to:

GARY L. SMITH
#52962-019
P.O. Box 1030
Coleman, FL 33521

on this ____10th_____ day of September, 2007.

    /s/
CLAIRE WHITAKER,
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E4204
Washington, D.C.  20530
(202) 514-7137