UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY L. SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1183 (RWR) |
| ) | |
| FEDERAL BUREAU ) | |
| OF INVESTIGATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION FOR ENLARGEMENT OF TIME

This is a Freedom of Information Act ("FOIA") case filed by plaintiff, Gary L. Smith, a prisoner proceeding pro se, for records maintained by the Federal Bureau of Investigation ("FBI"). R. 1.

On September 25, 2007, after defendant filed its answer, the Court ordered that defendant's dispositive motion be filed on or before October 26, 2007. R. 12. This date was impossible to meet as described in the attached declaration. Attachment 1, hereto. However, every effort has been made to quickly process the records responsive to plaintiff's FOIA request. For this reason, and pursuant to Fed. R. Civ. P. 6(b)(1), defendant moves for an extension of time, to and including June 26, 2008, to file defendant's dispositive motion. As plaintiff is a prisoner proceeding pro se, the local rules about contacting the opposing counsel to determine whether there will be an objection to nondispositive motions is not applicable.

As explained in the declaration of Peggy L. Bellando, Unit Chief of the FOIA/PA Litigation Support Unit, Record Information/Dissemination Section ("RIDS"), Records Management Division ("RMD"), FBI Headquarters ("FBIHQ"), the FBI has conducted searches

for responsive records and found two main investigatory files and three sub-files which total over 1,000 pages of potentially responsive records. Bellando Declaration at ¶ 8. As plaintiff's appeal process in the separate criminal case is presently not final, Exemption 7(A) exempts all responsive records. Id.  However, because Exemption 7(A) will no longer be applicable when the appeal process is over, the FBI has retrieved potentially responsive records (on October 4, 2007) and scanned them into the FOIA Document Processing System. Id. at ¶¶ 9-10. In addition, an experienced legal administrative specialist has been assigned to process the records. Id. at ¶ 10.

Delays have been encountered in the review and processing periods. Two significant factors have made it impossible to comply with the Court-imposed deadline: "(a) the demands created by the physical relocation of a portion of RIDS personnel and resources from FBIHQ to the interim facility in Frederick County, Virginia, and (b) several urgent and competing litigation deadlines . . ." Bellando Declaration at ¶ 11.

As Ms. Bellando explains, "[s]ince RMD announced its off-site relocation plans, a total of 58 former RIDS employees have either resigned, retired, or found other jobs in the Washington, D.C. Metropolitan area, rather than relocated with their unit." Id. at ¶ 14. Only 35 employees have been replaced to date. Id. at 15.

In addition to a shortage of staff caused by the relocation of the RIDS unit, the unit has a number of demanding court-imposed deadlines and other litigation demands which are explained at ¶¶ 16-20 of the Bellando Declaration. These deadlines have slowed the process down so that the amount of time for RIDS personnel to handle the regular processing duties has been reduced. Id. at ¶ 20.

Accordingly, defendant respectfully request that an extension of time, to and including June 26, 2008, be granted for the filing of defendant's dispositive motion. A proposed order is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH.CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served by First-Class Mail; postage prepaid to:

GARY L. SMITH
#52962-019
P.O. Box 1030
Coleman, FL 33521

on this \_\_\_\_26th\_\_\_\_\_ day of October, 2007.

                              /s/
                          CLAIRE WHITAKER,
                          Assistant U.S. Attorney
                          Judiciary Center Building
                          555 Fourth St., N.W., Rm. E4204
                          Washington, D.C.  20530
                          (202) 514-7137

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-01183 |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF PEGGY L. BELLANDO

I, Peggy L. Bellando, declare as follows:

(1) I currently serve as the Unit Chief of the Freedom of Information-Privacy Acts ("FOIPA"), Litigation Support Unit ("LSU"), Record Information/Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. Furthermore, in the absence of RIDS Section Chief David M. Hardy, my responsibilities include being a declarant for FOIA litigation matters. I have held this position since May 28, 2006. Prior to that, from August 1, 2004 until May 27, 2006, I served as the Acting Unit Chief of the FOIPA LSU. From October 1, 2002 until July 31, 2004, I was the Acting Unit Chief of Classification Unit Three and from May 7, 1990 to September 30, 2002, I was a FOIPA Regional Program Manager. I have been employed by the FBI since June 4, 1973, and on April 25, 1977, began my work as an analyst/paralegal in FBIHQ's "FOIPA Section," the equivalent of RIDS today.

(2) The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the seven FOIA/Privacy Act requests of Gary L. Smith to six FBI field offices and FBIHQ all of which seek access to records on himself.

(4) Plaintiff's complaint concerns requests made to six FBI field offices: the Atlanta Field Office ("ATFO"), Los Angeles Field Office ("LAFO"), Springfield Field Office ("SIFO"), Kansas City Field Office ("KCFO"), Sacramento Field Office ("SCFO"), Tampa Field Office ("TPFO"), and FBIHQ.[1]

(5) I have reviewed and am familiar with the Court's Scheduling Order ("Order"), dated September 25, 2007. I am aware that the court has ordered the FBI to file a dispositive motion by October 26, 2007.

(6) The purpose of this declaration is to provide a detailed explanation of the FBI's efforts to comply with the Court's Order to date, and to request additional time to comply with that Order. Based on the reasons which will be discussed in greater detail below, the FBI is submitting this declaration in support of a request for an extension of time of approximately eight

---

[1] A full discussion of the correspondence concerning plaintiff's requests will be included in the FBI's subsequent Vaughn declaration.

months – until June 26, 2008. This extension of time will: (a) allow for a period of time during which the underlying criminal proceedings are expected to reach finality, thereby obviating the need for the FBI to assert Exemption 7(A); (b) allow the FBI to complete the processing and release of documents responsive to plaintiff's requests – currently estimated to be approximately 1064 pages; and (c) allow the FBI to prepare a thorough Vaughn declaration for those documents withheld in full or in part in support of the FBI's motion for summary judgment.

## FBI'S EFFORTS TO COMPLY WITH THE CURRENT DEADLINE

(7) Since the filing of the Court's Order on September 25, 2007, the FBI has conducted a second search of the ATFO, LAFO, SIFO, KCFO, SCFO, TPFO, and FBIHQ automated indices to the Central Records System ("CRS") for records responsive to plaintiff's requests.

(8) During this search of the CRS, FBIHQ confirmed the existence of two main investigatory files and three sub-files located in the KCFO, which total approximately 1,064 pages of potentially responsive records. The two main KCFO investigatory files concern an internet innocent images investigation involving plaintiff. On April 23, 2003, plaintiff was convicted of Sexual Exploitation of Children, pursuant to 18 U.S.C. §§ 2251(a), and Sexual Exploitation of Minors, pursuant to 18 U.S.C. §§ 2252(a)(1), 2252(a)(2), and began serving a nineteen years, eight months sentence. Plaintiff appealed his conviction on October 5, 2006, Gary Smith v. United States, Cr. App. No. 06-3507, and we are advised both by the Special Agent assigned to this investigation as well as the U.S. Attorney's Office ("USAO") in Kansas City, Missouri that the appeal has been fully briefed since September 25, 2007, and has been

3

awaiting a final decision by the Court of Appeals for the 8th Circuit for the past five months. So long as any appeals are still pending, including the possibility of rehearing and/or rehearing en banc in the Court of Appeals, and potential petition for certiorari in the U.S. Supreme Court, the FBI will continue to withhold the investigatory files involved in these underlying criminal proceedings in full pursuant to Exemption 7(A).[2] Aside from any public source material, none of the responsive material could be released to plaintiff without jeopardizing the pending prosecutive efforts related to plaintiff. Several potential harms from the release of this information exist: (a) the identification of individuals, sources, and potential witnesses who possess information relative to the investigation and possible harm to, or intimidation of these individuals; (b) the use of information released to counteract evidence developed by investigators; (c) the use of information released to uncover the government's trial strategy; and (d) the release of this information to third parties not directly involved in this matter could allow these third parties to interfere with the pending proceedings by harassment, intimidation, and creation of false evidence by dispensing extraneous facts discussed during the FBI's investigation. Once a release is made to plaintiff under the FOIA, his use and dissemination of the information to third parties is unrestricted.

---

[2] 5 U.S.C. § 552 (b)(7)(A) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings . . . ." Application of this exemption requires: the existence of law enforcement records; a pending or prospective law enforcement proceeding; and a reasonable expectation that release of the information would interfere with the enforcement proceeding.

(9) Once all appeals in the underlying criminal proceedings are exhausted, RIDS has been advised by KFCO that the investigative file will be closed, since the investigation is a single-subject case which does not have an impact on any other pending investigations. When this occurs, the FBI will no longer assert Exemption 7(A) to withhold the responsive records. Unfortunately, precisely when the appellate proceedings will conclude is not within the control of the FBI. Although KFCO and the USAO anticipate a ruling from the Court of Appeals imminently, it is difficult to speculate when the Court of Appeals will in fact render its ruling, and whether, based on that ruling, further proceedings will ensue. As a result, part of the rationale for seeking an extension of eight months is to allow the appellate process to conclude, thereby obviating the need for continued assertion of Exemption 7(A).

(10) In anticipation of the temporal application of Exemption 7(A), on October 4, 2007, FBIHQ retrieved the potentially responsive records from the KCFO files for review, processing and application of any underlying FOIA exemptions. The potentially responsive records have been scanned into the FOIA Document Processing System ("FDPS") and have been assigned to an experienced legal administrative specialist for processing. Thus, the FBI's requested extension of time serves a significant dual purpose in the present litigation: it allows for a certain passage of time during which the underlying criminal proceedings may reach finality – thereby obviating the need to assert Exemption 7(A); and, simultaneously, it allows the FBI to begin to review and process the approximately 1064 pages of potentially responsive material at the conclusion of the criminal proceedings.

(11)     Two additional significant factors serve as a basis for the FBI's requested extension of time of eight months: (a) the demands created by the physical relocation of a portion of RIDS personnel and resources from FBIHQ to the interim facility in Frederick County, Virginia; and (b) several urgent and competing litigation deadlines, both of which will be discussed in further detail below.

### RMD Relocation to Frederick County, Virginia

(12)     The decision to locate the permanent FBI Central Records Complex ("CRC") site to Frederick County, Virginia, was recently finalized by the U.S. General Services Administration. The FBI has begun the temporary relocation of RMD sections to interim sites in Frederick County, Virginia, and will continue with a full relocation of its workforce once the permanent CRC is built and ready for occupancy, sometime around the year 2010. The interim sites are approximately 90 miles out of the Washington, D.C. Metropolitan area – about a 1½-hour drive from FBIHQ.

(13)     RIDS began relocation of its operations in February 2006 by establishing an advance team to prepare for the eventual relocation of RIDS in incremental stages. During the summer of 2006, RIDS began the first phase by relocating five and one half of its ten FBIHQ unit functions to an interim site - specifically half of the Service Request Unit, and all of Work Process Unit One, Work Process Unit Two, FOIPA Unit One, FOIPA Unit Two, and Classification Unit Two. To ensure continuing RIDS operations during the move, half of the Service Request Unit function and the functions of FOIPA Unit Three, Classification Unit One, Classification Unit Three, and the Litigation Support Unit remain at FBIHQ. These FBIHQ

units, with a total of 79 employees currently on board, consist of the most senior and experienced RIDS employees. A minimum of nine of these employees currently plan to retire on or before the beginning of 2008.

(14) As evidenced by the FBI's 2007 FOIA/Privacy Act statistics, RIDS is making every effort to minimize disruption to operations during this transition period. This has been made all the more challenging as many employees have opted not to transfer with their unit function, opting to either retire or find other jobs rather than relocate to Frederick County, Virginia. Unfortunately, many of these employees were among the most senior and experienced in their area of expertise. Since RMD announced its off-site relocation plans, a total of 58 former RIDS employees have either resigned, retired, or found other jobs in the Washington, D. C. Metropolitan area, rather than relocate with their unit. To date, a total of 64 RIDS employees from FBIHQ have relocated with their unit to Frederick County, Virginia.

(15) The FBI is engaged in aggressive and intense recruitment and hiring efforts in the Frederick County, Virginia area. For instance, in response to several recent postings for new hires, RIDS selected 333 individuals for interviews in June and November of 2005 and in January, February, March, August, October, and December of 2006, collectively. Of the 333 individuals selected for interviews, 82 candidates advised they were no longer interested prior to their interview; of the remaining 251 candidates interviewed, 94 either declined the initial offer of conditional employment following their interview or were disqualified during their background investigation; 35 employees have come on board; and the remaining are still pending in the background process. Past experience has shown that approximately 33% of those in FBI

background investigations successfully complete the hiring process. With approximately 195 employees currently on the rolls, RIDS is 32 positions under its funded staffing level of 227 employees due to attrition. In addition, in light of the continuing resolution pursuant to which much of the federal government is presently operating, and which has resulted in a hiring freeze until further notice, RMD may not be able to hire any new support employees in the immediate future. The new RIDS employees who have less than one year of experience are in various stages of professional development, but none are yet operating as experienced employees. It takes an average of three years to adequately train a new employee in the FOIA/Privacy Act process to be able to work independently in a productive, efficient, and effective manner. Accordingly, RIDS has only a limited number of experienced employees processing FOIA/Privacy Act requests at this time.

### Pending FOIA Litigations and Administrative Matters

(16)    Simultaneously with this resource drain, RIDS has experienced a significant increase in its FOIA litigation workload, including several urgent and competing federal district court litigation deadlines, while continuing its efforts to reduce the number of pending administrative appeals.

(17)    In <u>Electronic Frontier Foundation v. Department of Justice, et al.</u>, Civ. A. No. 07-CV-00656 (JAB) (D.D.C.), the FBI has been ordered by the Court to process 2,500 pages of documents every month for release to plaintiff pursuant to its FOIA request for records concerning the FBI's use of National Security Letters. This litigation involves an estimated 100,000 pages of potentially responsive documents. The FBI has made four releases to date,

with the next release due November 5, 2007. In <u>Electronic Frontier Foundation v. Department of Justice, et al.</u>, Civ. A. No. 06-CV-1708 (CKK) (D.D.C.), the FBI has been ordered by the Court to process 800 pages every four weeks in response to plaintiff's FOIA request for records concerning the DCS-3000 System. Approximately 9,883 pages have been identified as potentially responsive in that case, and the FBI has made six releases to date, and will continue to make releases every four weeks until all remaining pages have been processed. Moreover, in yet another <u>Electronic Frontier Foundation v. Department of Justice</u> litigation, Civ. A. No. 06-CV-01773 (RBW) (D.D.C.), plaintiff has sought access through FOIA to records related to the FBI's Investigative Data Warehouse, and DOJ has granted expedited processing. Although the FBI was recently successful in resisting plaintiff's motion for preliminary injunction, RIDS continues to review the approximately 72,000 pages of documents initially identified as potentially responsive in an effort to narrow the universe of responsive documents. As of this date, the FBI made its first release on September 28, 2007, having processed 204 pages and having released 169 pages.

(18)   In the FBI's largest FOIA litigation in its history, <u>Rosenfeld v. U.S. Department of Justice, et al.</u>, Civ. A. Nos. 90-3576-MHP, 85-1709-MHP and 85-2247-MHP (N.D. Cal.), the FBI was ordered by the Court to conduct hand searches of its COINTELPRO files for numerous subjects and to open 13 new FOIA requests on individual subjects. In order to comply with these demands, the FBI has had to realign its personnel resources and make a substantial commitment of resources to address these court-ordered issues.

(19)     Plaintiff is not alone in suing the FBI. The FBI is actively defending numerous other lawsuits in district courts and appellate courts across the country, each with its own set of deadlines. At this time, the FBI is defending approximately 100 FOIA/Privacy Act lawsuits nationwide.

(20)     In addition to the numerous pending litigations, RIDS personnel have also had to address the high volume of administrative appeals. RIDS personnel work closely with the staff of the U.S. Department of Justice, Office of Information and Privacy ("OIP") to review and assist with OIP's responses and determinations regarding pending appeals. During 2006, the FBI received a total of 1,015 administrative appeals. As of September 30, 2007, the FBI and OIP had managed to reduce the backlog of pending administrative appeals to 200. While this represents a significant decrease, it has come at the expense of an additional drain on the FBI's FOIA resources because, inevitably, the time spent by RIDS personnel assisting OIP in addressing these appeals reduces the amount of time that they are able to devote for regular processing duties related to litigation.

(21)     The FBI takes its responsibilities with regard to the administration of the FOIA/Privacy Act program very seriously, and all reasonable efforts are being made to comply with each and every statutory and court-imposed deadline. The FBI has made tremendous strides in the allocation of limited personnel resources in order to comply with all of its court-ordered deadlines, as well as the reduction of its backlog of pending FOIA/Privacy Act requests over time. Regrettably however, compliance with these deadlines in the aggregate is not always possible. In this case, the timing issues related to the pending underlying criminal proceedings,

coupled with RIDS' resource constraints – further aggravated by RMD's relocation and RIDS' competing litigation deadlines – necessitate the FBI's request for an extension of time of approximately eight months, or until June 26, 2008. This extension of time will: (a) allow for a period of time during which the underlying criminal proceedings are expected to reach finality, thereby obviating the need for the FBI to assert Exemption 7(A); (b) allow the FBI to complete the processing and release of documents responsive to plaintiff's requests – currently estimated to be approximately 1064 pages; and (c) allow the FBI to prepare a thorough <u>Vaughn</u> declaration for those documents withheld in full or in part in support of the FBI's motion for summary judgment. The FBI will notify the Court and plaintiff promptly should anticipated circumstances change during this eight-month period of time – including, significantly, the continued lack of resolution with regard to the pending appeal in the underlying criminal proceedings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26d day of October, 2007.

*[signature: Peggy L. Bellando]*
PEGGY L. BELLANDO
Unit Chief
Litigation Support Unit
Record Information/Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

11

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| **GARY L. SMITH** | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 07-1183 (RWR) |
|  | ) | |
| **FEDERAL BUREAU OF INVESTIGATION** | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

**ORDER**

Upon consideration of defendant's motion to extend the time to file a dispositive motion in this case, and for good cause shown, it is this _____ day of _____, 2007,

ORDERED, that said motion be, and hereby is, granted. The deadline for defendant's dispositive motion is extended to June 26, 2008.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

GARY L. SMITH
#52962-019
P.O. Box 1030
Coleman, FL 33521

CLAIRE WHITAKER
Assistant U.S. Attorney
555 4th St., N.W. Room E-4204
Washington, D.C. 20530