IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                )
                   Plaintiff, )
                              )
v.                            )   Case No: 1:07-cv-1183
                              )
                              )
FEDERAL BUREAU OF INVESTIGATION, )
                   Defendant. )

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
MOTION FOR EXTENSION OF TIME

RECEIVED
DEC 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMES NOW, Gary L. Smith, Pro Se Plaintiff, and hereby submits his objections to the Defendant's Motion for Extention of Time (docket #13).

The Plaintiff will be severly prejudiced by <u>any</u> delay in the records held by the Defendant. As the Defendant pointed out, the Plaintiff is challenging his illegal conviction through a habeas corpus (Title 28 U.S.C. § 2255) motion. The current status of this motion is before the Eighth Circuit Court of Appeals. In the Plaintiff's orginal § 2255 motion, he alleged <u>Brady</u> (<u>Brady v. Maryland</u>, (1963) 373 US 83). The Honorable Judge Dorr granted the Plaintiff a Certificate of Appealability on three (3) issues, including <u>Brady</u> violations.

Documents are not exempt from disclosure under exemptions for investigatory records of which would deprive a person of a fair trial. See <u>Wayland v. NLRB</u>, (1986 MD Tenn) 627 F.Supp 1473. The Defendant is still withholding critical evidence, which should

- 1 -

have been turned over to the Plaintiff. The duty of the government (e.g. the Defendant) to disclose exculpatory or impeachment evidence is a continuing one that does not stop at the conclusion of the trial. <u>United States v. Coppola</u> (1975 CA10 Kan) 526 F2d 764.

The Plaintiff's need to demostrate his illegal confinement greatly outweighs **any** governmental interest in non-disclosure. <u>Rice v. Black</u>, 112 FRD 620 (1986). The Plaintiff is still challenging his criminal sentence through Habeas Corpus proceedings (refer to case 05-05057, W.D. of MO & 06-3507, C.A. 8). The Honorable Dorr issues a certificate of appealability on his own merit, stating the Plaintiff raised significant issues on an illegal search and seizure as well as <u>Brady</u> violations. The Plaintiff is still trying to obtain evidence which should have been given to him during his criminal trial. The Defendant to this day is still stonewalling him.

Limitations concerning investigatory files arising under Title 5 U.S.C. § 552(b)(7) do not apply to Plaintiff who might be afforded acess to those files by court without reliance upon Title 5 U.S.C. § 552. <u>Hodgson v. General Motors Acceptance Corp.</u> (1972, DC Fla) 54 FRD 445, 16 FR Serv2d 99. Primary purpose of amendment to Title 5 U.S.C. § 552(b)(7) was to narrow broad reading of exemptions which have been previously adopted by courts. Congress wanted to make it clear that documents pertaining to completed investigations should **not** be exempt from disclosrure simply because they had been compiled for law enforcement purposes. <u>Chesapeak-Portsmouth Broadcasting</u>

Corp, (1975), FCC 75-491, 36 AdL3d 806. Additionally, the individuals who testified against the Plaintiff have gave up their right of privacy. Federal Rules of Criminal Procedure, Rule 16 and 26.2, as well as the Jencks Act (Title 18 U.S.C. § 3500), clearly state that any information regarding Missy Houdeshell, Fred Frakes, Cameron Roe, Robert Farley, Molly Lancaster and Eva Stancel should be disclosed to the Plaintiff.

The Defendant cites in its motion numerous other litigation they are involved in. All of that is irrelevant to the Plaintiff. What is shown, is that the Defendant has been ignoring the United States Code and that individuals like the Plaintiff have to resort to a Court to force the Defendant to obey the law. The Defendant is "crying a river" to escape its legal duty to provide the requested records to the Plaintiff.

The Defendant is simply delaying the evidence the Plaintiff should have been given years ago. They are hoping to continue to stonewall the Plaintiff until he can no longer find any relief in any court for his conviction. The Defendant knows they have both exculpatory and impeachment information within their possession. It is unclear why the government would take a "win at all costs" attitude (by cheating and breaking the law) and not allow the Plaintiff a fair and just chance to challenge his conviction.

This Court should DENY the Defendant's request for an extension of time; and furthermore, DENY the Defendant's blanket

"(B)(7)" exemption for the records sought. This Court should ORDER the Defendant to immediately turn over all of its records they have to the Plaintiff.

                                                                   Respectfully submitted,

Date: 3-Dec-07

                                                                   Gary L. Smith, Pro Se
                                                                   #52962-019
                                                                   P.O. Box 34550
                                                                   Memphis, Tennessee 38184-0550

## Certificate of Service

I, Gary L. Smith, hereby certify that a true and correct copy of the foregoing Plaintiff's Objections to Defendant's Motion for Extension of Time has been sent via First Class, postage pre-paid mail using the United States Postal Service by placing the foregoing into the institutional legal mail system on this 3rd day of December 2007 and addressed to the following parties:

    United States District Court
    attn: Clerk of the Court
    333 Constitution Avenue, NW
    Washington, DC  20001

    Claire Whitaker
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W., Room E4204
    Washington, DC  20530

Executed on: 3-Dec-07          By: _____
                                               Gary L. Smith