UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1183 (RWR) |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Defendant moves in this Freedom of Information Act ("FOIA") case to enlarge the time by eight months to file a dispositive motion. It indicates that it will be asserting FOIA exemption 7(A), *see* 5 U.S.C. § 552(b), to protect from disclosure over 1,000 pages of potentially responsive records because "plaintiff's appeal process in the separate criminal case is presently not final." Mot. at 2. Thus, defendant requests such a lengthy period primarily to "allow for a period of time during which the underlying criminal proceedings are expected to reach finality, thereby obviating the need for the FBI to assert Exemption 7(A)." Mot. Attach., Declaration of Peggy L. Bellando ¶6.

Defendant has not refuted plaintiff's claim that he is "challenging his illegal conviction through a habeas corpus (Title 28 U.S.C. § 2255) motion" that is currently before the United States Court of Appeals for the Eighth Circuit. Pl.'s Objections to Defendant's Motion for Extension of Time at 1. Thus, it is questionable whether exemption 7(A) is applicable, as it would be if the pending proceeding were a direct appeal. *See Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 763 (D.C. Cir. 2000) (questioning "whether FOIA Exemption 7(A) continues to apply as long as a criminal defendant is pursuing a post-conviction collateral attack on the judgment or sentence entered in a criminal enforcement proceeding to which the withheld

records relate."); *Kansi v. U.S. Department of Justice*, 11 F. Supp.2d 42, 44 (D.D.C. 1998) ("Plaintiff's case is still on appeal. The potential for interference with witnesses and highly sensitive evidence that drives the 7(A) exemption . . . exists at least until plaintiff's conviction is final.") (internal citations omitted). In any event, defendant's suggestion to wait until the conclusion of the collateral proceeding is (1) inconsistent with FOIA's "statutory goals of efficient, prompt, and full disclosure of information . . . and . . . judicial finality and economy," *Maydak*, 218 F.3d at 764 (citations and internal quotations omitted), and (2) without a sound basis inasmuch as defendant must assert "all exemptions at the same time, in the original district court proceedings." *Id*.

Defendant has shown good cause for enlarging the time somewhat based on staff shortages and problems associated with the relocation of a part of the division responsible for processing FOIA requests. Accordingly, it is

ORDERED that defendant's motion for an enlargement of time [Dkt. No. 13] is GRANTED in part and DENIED in part; and it is further

ORDERED that defendant shall process the potentially responsive records and file either a progress report or a dispositive motion by **March 5, 2008**.

```
            _____/s/_____
            RICHARD W. ROBERTS
DATE: January 4, 2008       United States District Judge
```