## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARY L. SMITH** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1183 (RWR)** |
| ) | |
| **FEDERAL BUREAU** ) | |
| **OF INVESTIGATION** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MOTION TO EXTEND TIME AND THIRD STATUS REPORT

As reported in the Third Declaration of David M. Hardy, Section Chief of the

Record/Information Dissemination Section, Records Management Division, Federal Bureau of

Investigation, defendant has now processed over 1,000 records and provided plaintiff, by letter

of May 21, 2008, with 199 pages in full and 587 pages with redactions pursuant to Freedom of

Information Act exemptions (b)(2), (b)(3), (b)(6), (b)(7)(D) and (b)(7)(E) and the Privacy Act

(j)(2). See Attachment 1 at ¶ 9.  An additional 219 pages have been withheld in full and 18 pages

were referred out to other agencies for direct responses to plaintiff. Id.[1]    As a result of the

processing, plaintiff owes the agency $68.60 in duplication fees. Id. at n. 2.

Although the Court has set May 30, 2008, as the deadline for filing defendant's

dispositive motion in this case, a brief extension appears to be appropriate because plaintiff has

not yet indicated his dissatisfaction with the releases nor paid the duplication fees assessed.

Accordingly, it is respectfully requested that an extension of time be granted, to and including

seven days after plaintiff files a notice with the Court that he has paid the fees and wishes to

---

[1] Exemption 7(A) is no longer being asserted as plaintiff's criminal appeal is no longer
pending. See Hardy Declaration at ¶ 7.

contest the withholdings.  Defendant submits that this course of action is in the interest of

judicial economy as there may be no reason to further litigate this matter should plaintiff fail to

respond.   As plaintiff is a prisoner, defendant has not attempted to confer with him concerning

this motion.  A proposed order is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar  #498610
United States Attorney

_____/s/_____
RUDOLPH.CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served by First-Class Mail; postage

prepaid to:

GARY L. SMITH
#52962-019
P.O. Box 90043
Petersburg, Virginia 23804

on this _____30th_____ day of April 2008.

                              ___/s/_____
                              CLAIRE WHITAKER,
                              Assistant U.S. Attorney
                              Judiciary Center Building
                              555 Fourth St., N.W., Rm. E4204
                              Washington, D.C.  20530
                              (202) 514-7137

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY L. SMITH, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:07-CV-01183 |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| Defendant. ) | |

## THIRD DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 190 employees who staff a total of ten (10) FBIHQ units and a field operational service center unit whose collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the Freedom Of Information Act ('FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA/Privacy Act requests of plaintiff, Gary L. Smith, which seek access to records pertaining to himself located at FBIHQ and in six FBI field offices: the Atlanta Field Office ("ATFO"), Los Angeles Field Office ("LAFO"), Springfield Field Office ("SIFO"), Kansas City Field Office ("KCFO"), Sacramento Field Office ("SCFO"), and Tampa Field Office ("TPFO").

(4)    The purpose of this declaration is to inform the Court and plaintiff that the investigation involving the plaintiff is currently in the process of being closed and the records responsive to plaintiff's requests will therefore no longer be withheld pursuant to FOIA Exemption 7(A). The FBI released these responsive records to plaintiff in a letter dated May 21, 2008, which also stated that plaintiff owed duplication fees in the amount of $92.60. As of this date, plaintiff has not responded to FBI's May 21, 2008 letter. This declaration supplements and incorporates by reference the two prior declarations signed by David M. Hardy, dated March 10, 2008 and April 14, 2008, and the Declaration of Peggy Bellando dated October 26, 2007.

2

## **EXEMPTION 7(A) NO LONGER APPLIES**

(5)    5 U.S.C. § 552 (b)(7)(A) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings . . . ." Application of this exemption requires: the existence of law enforcement records; a pending or prospective law enforcement proceeding; and a reasonable expectation that release of the information would interfere with the enforcement proceeding.

(6)    On February 20, 2008, the KCFO case agent advised RIDS that the investigation of plaintiff was open and that the plaintiff had filed a writ of certiorari with the U. S. Supreme Court on February 1, 2008, appealing his conviction in U.S.A. v. Smith, 02-5019 (W.D. Mo.), which was upheld by the Eight Circuit Court of Appeals, C.A. No. 07-2732. Based on these facts, the records responsive to plaintiff's requests had previously been withheld in full pursuant to FOIA Exemption 7(A).[1] See October 26, 2007 Declaration of Peggy Bellando and April 14, 2008 Second Declaration of David M. Hardy.

(7)    On May 9, 2008, the KCFO case agent contacted RIDS stating that plaintiff's criminal appeal of his conviction and sentencing was no longer pending, and that he was in the

---

[1] Aside from any public source material, none of the responsive material could have been released to plaintiff without jeopardizing pending prosecutive efforts. Several potential harms from the release of this information existed: (a) the identification of individuals, sources, and potential witnesses who possess information relative to the investigation and possible harm to, or intimidation of these individuals; (b) the use of information released to counteract evidence developed by investigators; (c) the use of information released to uncover the government's trial strategy; and (d) the release of this information to third parties not directly involved in this matter could have allowed these third parties to interfere with the pending proceedings by harassment, intimidation, and creation of false evidence by dispensing extraneous facts discussed during the FBI's investigation.

process of closing the investigation concerning plaintiff. Consequently, Exemption 7(A) no longer applies to the responsive records.

## RELEASE OF RECORDS

(8)     As a result, by letter dated May 21, 2008, FBIHQ released records responsive to plaintiff's requests, subject to withholdings pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2), and FOIA Exemptions 2, 3, 6, 7(C), 7(D) and 7(E), 5 U.S.C. §§ 552(b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E). Plaintiff was advised that the FBI had reviewed 1,193 pages of potentially responsive records and had determined that 1,026 pages were actually responsive to his requests. Further, plaintiff was advised that pursuant to 28 C.F.R. §§ 16.11 and 16.49, there is a duplication fee of ten cents per page and that no fees were assessed for the first 100 pages. Plaintiff was provided with a request for payment of duplication fees of $92.60. **(See Exhibit A.)**

(9)     The FBI carefully reviewed the 1,026 pages responsive to plaintiff's requests and released 199 pages in full. Out of the remainder of the responsive records, 587 pages were released in part and 219 pages were withheld in full pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(3),(b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E); 3 (three) pages were referred to the Department of Justice Criminal Division for direct response to plaintiff **(See Exhibit B)**; seven (7) pages were referred to United States Postal Service for direct response to plaintiff **(See Exhibit C)**; eight (8) pages were referred to the Internal Revenue Service for direct response to plaintiff **(See Exhibit D)**; and three (3) pages were withheld in full as they were duplicates of other pages responsive to plaintiff's requests.

4

(10)    The information withheld from release in the records responsive to plaintiff's requests, if disclosed, could reasonably be expected to reveal internal administrative information, Federal Grand Jury information protected by statute, cause clearly unwarranted invasion of the personal privacy interest of third parties, cause unwarranted invasion of personal privacy, disclose the identities of confidential sources, and impede the effectiveness of the FBI's internal law enforcement procedures, by disclosing the effectiveness of techniques and procedures for law enforcement investigations and/or disclosing techniques and procedures thereby risking circumvention of the law. Accordingly, the FBI has released all reasonably segregable, nonexempt information to plaintiff in response to his FOIA requests to the FBI.

(11)    As of this date, we have not received any further communication from plaintiff regarding his satisfaction with the May 21, 2008 release of records responsive to his request.

### DUPLICATION FEES

(12)    As discussed above, the FBI's May 21, 2008 release letter to plaintiff stated that plaintiff owed $92.60[2] for the duplication fees for the responsive records released.

(13)    As of this date, we have not received payment from plaintiff or any other communication regarding the fees assessed. If plaintiff fails to pay the duplication fees within 60 days from the date of the May 21, 2008 letter we will consider these requests resolved and will close them administratively and move for summary judgment.

---

[2] The FBI is preparing a letter to plaintiff indicating that the correct fees charged for duplication are $68.60. Fees should not have been assessed for the 219 pages withheld in full, the 18 pages referred to other agencies for direct response to plaintiff, and the three (3) pages withheld in full because they are duplicates of other records responsive to plaintiff's requests. If plaintiff's payment of these fees is en route to the FBI, the difference between $92.60 and $68.60 will be refunded to him.

## CONCLUSION

(14)    The FBI is no longer asserting FOIA Exemption 7(A) to withhold records

responsive to plaintiff's request. Consequently, the FBI has processed and released all segregable

information from the responsive documents pursuant to FOIA Exemptions 2, 3, 6, 7(C), 7(D) and

7(E) and Privacy Act Exemption (j)(2). The FBI has not received payment of the fees assessed

for this release of records, or any communication from plaintiff regarding his satisfaction with

the release of records responsive to his request or the fees assessed for this release.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct and Exhibits A through D attached hereto are true and correct copies.

Executed this ___30th___ day of May, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY L. SMITH,                        )
                                      )
        Plaintiff,                    )
                                      )
            v.                        )    Civil Action No. 1:07-CV-01183
                                      )
FEDERAL BUREAU OF INVESTIGATION,      )
                                      )
        Defendant.                    )
                                      )

# EXHIBIT A



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR. GARY L SMITH
**52962-019
POST OFFICE BOX 90043
PETERSBURG, VA 23804

May 21, 2008

Request No.: 1062405-001
Subject: SMITH, GARY L

Dear Mr. Smith:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.

The material you requested is located in investigative files which are exempt from disclosure pursuant to Title 5, United States Code, Section 552a, subsection (j)(2). In addition, exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E) apply. For an explanation of these exemptions see enclosed Form OPCA-16a.

The underlying statute which authorizes the use of subsection (b)(3) is Rule 6(e) of the Federal Rules of Criminal Procedure.

FBI reviewed 1,193 pages and 1,026 pages are being released.

Pursuant to Title 28, Code of Federal Regulations, Section 16.11 and 16.49, there is a fee of ten cents per page for duplication of the enclosed documents. No fees are assessed for the first 100 pages. Please submit your check or money order in the amount of $92.60 payable to the Federal Bureau of Investigation. To insure proper identification of your request, please return this letter or include the FOIPA request number with your payment.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure (2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY L. SMITH,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     Civil Action No. 1:07-CV-01183
                                  )
FEDERAL BUREAU OF INVESTIGATION,  )
                                  )
          Defendant.              )
                                  )

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

To:     Thomas J. McIntyre, Chief
        FOIA/PA Unit
        Criminal Division
        Department of Justice
        Suite 1127
        Keeney Building
        Washington, D.C. 20530-0001

May 27, 2008

**"IN LITIGATION"**
**Civil Action#: 07-CV-01183**

From:   David M. Hardy
        Record/Information Dissemination Section
        Records Management Division

Subject: FOI/PA Request of Gary L. Smith
         **FBI FOI/PA # - 1062405-001        Re: Gary L. Smith**

In connection with review of FBI files responsive to the above request, the following was surfaced:

☒ 1        unclassified document(s) which originated with your agency is/are being referred to you for
           direct response to the requester. The requester has been advised of this referral. Please
           furnish this Bureau a copy of your disclosure letter to the requester. (See index A).

☐          FBI document(s) containing information (outlined in red) concerning your agency.
           ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

           ☐ Please review this information and return the documents to us, making any deletions you deem
             appropriate.  (See index B).

☐          classified document(s) which originated with your agency is/are being referred to you for
           direct response to the requester. The requester ☐ has ☐ has not been advised of this referral. Please
           furnish this Bureau a copy of your disclosure letter to the requester, and advise us if the classification
           of the documents(s) changed so that we may amend our files. (See index C).

☐          classified FBI document(s) containing information (outlined in red) concerning your agency.
           ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

           ☐ Please review this information and return the document(s) to us, making any deletions you deem
             appropriate, citing the exemption(s) claimed. Please advise this Bureau if the document(s) still
             warrant classification. (See index D).

☒ Please note that some of the enclosed documents contain deletions made by this Bureau. The
   appropriate exemption appears next to the redacted information. The requester may appeal these
   denials by writing to the following address within sixty days of your release: Co-Director, Office of
   Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050,
   Washington, D.C. 20530-0001.

A copy of the requester's initial letter and other significant correspondence is enclosed for your
convenience. If you have any questions concerning this referral, please contact **Mary A Jones (202) 324 -1699.**
The FBI FOIPA number as well as the FBI file number(s) on the Index Listing (see reverse) should be
utilized during any consultation with the FBI concerning this referral.

Additional Remarks:

Enclosure(s)  3                              **( INDEX LISTING ON REVERSE)**

Index A:

     Smith 448, 449 and 450

Index B:

Index C:

Index D:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY L. SMITH,

  Plaintiff,

   v.

FEDERAL BUREAU OF INVESTIGATION,

  Defendant.

Civil Action No. 1:07-CV-01183

# EXHIBIT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

To:    Jane Eyre
Manager, Records Office
475 L'Enfant Plaza West, S.W.
Washington, D.C. 20260-5202

May 27, 2008

**"IN LITIGATION"**
**Civil Action No.: 07-CV-01183**

From:   David M. Hardy
Record/Information Dissemination Section
Records Management Division

Subject: FOI/PA Request of Gary L. Smith
      **FBI FOI/PA # -1062405-001**    Re:  Gary L. Smith

In connection with review of FBI files responsive to the above request, the following was surfaced:

☒  2      unclassified document(s) which originated with your agency is/are being referred to you for direct response to the requester. The requester has been advised of this referral. Please furnish this Bureau a copy of your disclosure letter to the requester. (See index A).

☐       FBI document(s) containing information (outlined in red) concerning your agency.
    ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

    ☐ Please review this information and return the documents to us, making any deletions you deem appropriate. (See index B).

☐       classified document(s) which originated with your agency is/are being referred to you for direct response to the requester. The requester ☐ has ☐ has not been advised of this referral. Please furnish this Bureau a copy of your disclosure letter to the requester, and advise us if the classification of the documents(s) changed so that we may amend our files. (See index C).

☐       classified FBI document(s) containing information (outlined in red) concerning your agency.
    ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

    ☐ Please review this information and return the document(s) to us, making any deletions you deem appropriate, citing the exemption(s) claimed. Please advise this Bureau if the document(s) still warrant classification. (See index D).

☒ Please note that some of the enclosed documents contain deletions made by this Bureau. The appropriate exemption appears next to the redacted information. The requester may appeal these denials by writing to the following address within sixty days of your release: Co-Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001.

A copy of the requester's initial letter and other significant correspondence is enclosed for your convenience. If you have any questions concerning this referral, please contact **Mary A Jones (202) 324-1699.**
The FBI FOIPA number as well as the FBI file number(s) on the Index Listing (see reverse) should be utilized during any consultation with the FBI concerning this referral.

Additional Remarks:

Enclosure(s) 3                **( INDEX LISTING ON REVERSE)**

Index A:

     Smith-164, 165, 166, 174, 175, 176 and 177

Index B:

Index C:

Index D:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY L. SMITH,                          )
                                        )
        Plaintiff,                      )
                                        )   Civil Action No. 1:07-CV-01183
                v.                      )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                                        )
        Defendant.                      )
                                        )

# EXHIBIT D



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

To:    Maureen Sapero                                        May 27, 2008
       FOIA Disclosure Manager
       Office of Disclosure
       1111 Constitution Ave. N.W.                          **"IN LITIGATION"**
       Washington, D.C. 20224                               **Civil Action No.: 07-CV-01183**

From:  David M. Hardy
       Record/Information Dissemination Section
       Records Management Division

Subject: FOI/PA Request of Gary L. Smith
         **FBI FOI/PA # - 1062405-001      Re: Gary L. Smith**

        In connection with review of FBI files responsive to the above request, the following was surfaced:

☒   1 unclassified document(s) which originated with your agency is/are being referred to you for
    direct response to the requester. The requester has been advised of this referral. Please
    furnish this Bureau a copy of your disclosure letter to the requester. (See index A).

☐        FBI document(s) containing information (outlined in red) concerning your agency.
    ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

    ☐ Please review this information and return the documents to us, making any deletions you deem
      appropriate.  (See index B).

☐        classified document(s) which originated with your agency is/are being referred to you for
    direct response to the requester. The requester ☐ has ☐ has not been advised of this referral. Please
    furnish this Bureau a copy of your disclosure letter to the requester, and advise us if the classification
    of the documents(s) changed so that we may amend our files. (See index C).

☐        classified FBI document(s) containing information (outlined in red) concerning your agency.
    ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

    ☐ Please review this information and return the document(s) to us, making any deletions you deem
      appropriate, citing the exemption(s) claimed. Please advise this Bureau if the document(s) still
      warrant classification. (See index D).

    ☐ Please note that some of the enclosed documents contain deletions made by this Bureau. The
      appropriate exemption appears next to the redacted information. The requester may appeal these
      denials by writing to the following address within sixty days of your release: Co-Director, Office of
      Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050,
      Washington, D.C. 20530-0001.

        A copy of the requester's initial letter and other significant correspondence is enclosed for your
convenience. If you have any questions concerning this referral, please contact **Mary A. Jones (202) 324 -1699.**
        he FBI FOIPA number as well as the FBI file number(s) on the Index Listing (see reverse) should be
utilized during any consultation with the FBI concerning this referral.

        Additional Remarks:

Enclosure(s) 3                              **( INDEX LISTING ON REVERSE)**

Index A:

Smith 344, 345, 346, 347, 348, 351, 352 and 353

Index B:

Index C:

Index D:

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
**GARY L. SMITH**                               )
                                                          )
               **Plaintiff,**                  )
                                                          )
       **v.**                                      )          **Civil Action No. 07-1183 (RWR)**
                                                          )
**FEDERAL BUREAU**                       )
**OF INVESTIGATION**                     )
                                                          )
           **Defendant.**              )
                                                          )
_____)

## ORDER

       Upon consideration of defendant's motion to extend time to file a dispositive motion, and

for good cause shown, it is this _____ day of _____, 2008,

       ORDERED, that said motion be, and hereby is, granted.  The deadline for defendant's

motion for summary judgment is extended to seven days after plaintiff submits notice of the

payment of duplication fees and that he contests the withholdings in this case.


                                   _____
                                   UNITED STATES DISTRICT JUDGE

Copies to:

GARY L. SMITH, pro se
R52962-019
MEMPHIS
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 34550
Memphis, TN 38134

CLAIRE WHITAKER
Assistant U.S. Attorney
555 4th St., N.W. Room E-4204
Washington, D.C. 20530