IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )   Case No.: 1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )   **RECEIVED**
                    Defendant.          )
                                        )   AUG 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

COMES NOW, Gary L. Smith, Pro Se Plaintiff, and respectfully requests this Honorable Court deny the Defendant's Motion to Dismiss or for Summary Judgment for the reasons stated herein.

## Liberal Construction

1.  Plaintiff is proceeding Pro Se in this instant action. Plaintiff is a layman, unskilled in the law. Because Plaintiff is proceeding Pro Se, this Court **must** construe this request for relief liberally and consider all possible bases of authority even though none may be identified by the Plaintiff. See Conley v. Gibson, 255 US 41, 2 LEd2d 80, 78 SCt 99 (1957); Haines v. Kerner, 404 US 519, 30 LEd2d 652, 92 SCt 594 (1972). The allegations in a pro se petition must be taken as true and construed in favor of the Plaintiff. Neitzke v. Williams, 490 US 338, 104 LEd2d 338, 109 SCt 1827 (1989). Pro Se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will therefore be liberally construed.

- 1 -

Plaintiff's Declaration

2.  Plaintiff declares under the penalty of perjury under the laws of the United States (e.g. 28 U.S.C. § 1746) that the facts contained in this petition are true and correct to the Plaintiff's knowledge.[1]

Defendant's Dismissal Claim

3.  Federal Rules of Civil Procedure, Rule 12(b), state (in relevant parts):

> (b) ... a party may assert the the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> ...
> (6) failure to state a claim upon which relief can be granted ...

In this instant case, the Defendant has claimed this Court lacked subject-matter jurisdiction.  No where in the Defendant's pleadings does the Defendant present **ANY** evidence this Court lacks subject matter jurisdiction.

4.  This Court has jurisdiction pursuant to 5 U.S.C. § 552 (a)(4)(B):

> "On complaint, the district court of the United States in the district in which the complaintant resides, or has his principal place of business, or in which the agency records are situated, or **in the District of Columbia**, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complaintant." (emphasis added)

Therefore, the Defendant is wrong in its assumption that this Court lacked subject matter jurisdiction:  clearly, according to 5 U.S.C. § 552(a)(4)(B), this Court does.

---

1.  The Plaintiff presents this petition in affidavit form.  Petitions presented in affidavit form, supported by facts, must be taken as true.  See Kholberg v. Lehlback, 160 US 293, 40 LEd2d 432, 16 SCt 304 (1985).  Facts duly alleged are deemed true unless denied or controverted by evidence.  See also 3 AmJur2d Affidavit at § 20.

5. The fact the Defendant claims the Plaintiff had not paid fees before filing suit is ludicrous. The Plaintiff reminds the Defendant (but not this Honorable Court, as this Court has an impeccable memory) this complaint was filed originally because the Defendant refused to comply with the FOIA mandated timelines. See 5 U.S.C. § 552(a)(6)(C)(i):

> "Any person making a request to any agency for records under paragraph (1), (2) or (3) of this subsection shall be deemed to have **exhausted** his administrative remedies with respect to such request **if the agency fails to comply** with the applicable time limit provision of this paragraph." (emphasis added)

How could the Plaintiff pay fees for a FOIA request when the Defendant only notifies him of the requested amount **more than a year** after the original complaint had been filed? The Defendant's failure to answer the Plaintiff's request for records gave the Plaintiff the right to seek judicial review.

6. Only after the Plaintiff sought judicial review did the Defendant get off its hindquarters (albeit, kicking and screaming) and finally (after months of delay) began to process the Plaintiff's request. After partially releasing its records to the Plaintiff, the Defendant assessed the Plaintiff a copying fee of $92.60. This amount was inaccurate and subsequently reduced by the Defendant to $68.60. The Plaintiff is unsure what is the correct amount he needs to pay. However, for the sake of arguments, the Plaintiff has paid $68.60 to the Defendant (see Notice filed to this Court).

7. A motion to dismiss under Rule 12(b)(6) tests not whether the Plaintiff will prevail on the merits, but instead whether the Plaintiff has properly stated a claim. See Fed.R.Civ.P. 12(b)(6); <u>Scheuer v. Rhodes</u>, 416 US 232, 236, 40 LEd2d 90, 94 SCt 1683 (1974).

8.  The Plaintiff must be afforded every favorable inference that may be drawn from the allegations of facts set forth in the complaint. United States v. $79,321.00, 522 FSupp2d 64, 68 (D.DC 2007)(quoting Scheuer, 416 US at 236 (1974)).  The Plaintiff need not plead the elements of a prima-facie case in his complaint. While the precise requirements of a prima-facie case can vary depending on the context, they were "never intended to be rigid, mechanized nor ritualistic". Chappell-Johnson v. Powell, 440 F3d 484, 488 (D.C. Cir 2005)(quoting Swierkiewirz v. Sorema N.A., 534 US 506, 512, 152 SCt 992, 122 SCt 992 (2002)(quoting Furnco Constru. Corp. v. Waters, 438 US 567,577, 57 LEd2d 957, 98 SCt 2943 (1978))).  Thus, this Court can dismiss this complaint for failure to state a claim **only** if it is clear that no relief could be granted under **any** set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 US 69, 73, 81 LEd2d 59, 104 SCt 2229 (1984); Atchinson v. District of Columbia, 73 F3d 418 (D.C. Cir. 1996).

9.  In order to survive a motion to dismiss under Rule 12(b)(6), the Plaintiff is only required to allege that the Defendant violated the Freedom of Information Act and improperly withheld documents from him.  Plaintiff is not required on the face of his complaint to allege every legal element or fact that must be proven in a FOIA claim. Krieger v. Fadely, 211 F3d 134, 136 (D.C. Cir. 2000) ("[C]omplaints need not plead law or match facts to every element of a legal theory.")(internal quotations marks and ciations obmitted); Atchinson, 73 F3d at 421-22 (D.C Cir 1996)("A complaint ... need not allege all that a plaintiff must eventually prove."); See also Kingman Park Civic Ass'n v. Williams, 348 F3d 1033, 1040

- 4 -

(D.C. Cir 2003).

10.  Because this Court is reviewing a motion to dismiss, this Court must accept as true all of the factual allegations contained in the Complaint.  Swierkiewicz, 534 US at 508 n. 1 (2002); see also Karst Environmental Educ. and Protection v. EPA, 475 F3d 1291 (D.C. Cir. 2007).

11.  The Plaintiff avers the Defendant has improperly withheld documents, improperly claimed exemptions on the redacted documents it did finally release and has failed to do a reasonable search. The only "basis" for dismissal the Defendant claimed is the fact the Plaintiff failed to pay the processing fees.  Since this is untrue (see Notice of Payment of Fees, filed to this Court), this Court must deny the Defendant's motion to dismiss.

Defendant's Summary Judgment Claim

12.  Summary judgment is available to a  defendant in a Freedom of Information case where the agency proves that is has fully discharged its obligations under FOIA, after underlying facts and inferences to be drawn from them are construed in the light most favorable to the FOIA requester.  Miller v. U.S. Dept of State, 779 F2d 1378 (8th Cir. 1985).  In order to sustain this burden, the agency must prove that each document that falls within the requested class either has been produced, is unidentifiable or is wholly exempt from the Act's inspection requirments, (Id. National Cable Television Ass'n Inc. v. FCC, 479 F2d 183 (D.C. Cir 1973)), or that the requested documents do not in fact exist. Weber v. Coney, 642 F2d 91 (5th Cir. 1981).

13.  Additionally, to prevail on summary judgment, the defending "agency must show beyond doubt [] that is has conducted a search

- 5 -

reasonably calculated to uncover all relevant documents." Weisenberg v. U.S. Dept of Justice, 705 F2d 1344, 1351 (D.C. Cir. 1983). "The court applies a 'reasonablness' test to determine the 'adequacy' of a search methodolgy, consistent with congressional intent, tilting the scale in favor of disclosure," Campbell v. U.S. Dept of Justice, 164 F3d 20, 27 (D.C. Cir. 1998)(quoting Weisenberg, 705 F2d at 1351) and "impose[s] a substantial burden on an agency seeking to avoid disclosure" through FOIA exemptions. See Vaughn v. Rosen, 484 F2d 820, 828 (D.C. Cir. 1973). As such, "exemptions from disclosure must be narrowly construed," Id. at 823, and "'conclusory and generalized allegations of exemptions' are unaccept-able." Founding Church of Scientology of Washington, DC, Inc v. Nat'l Sec. Agency, 610 F2d 824, 830 (D.C. Cir. 1979)(quoting Vaughn, 484 F2d at 286). See also Morley v. CIA, 508 F3d 1108 (D.C. Cir. 2007).

14. In considering an agency's motion for summary judgment in a FOIA case, the court may rely on the affidavits of the agency official describing the search procedures. However, the agency responding to a FOIA request must "conduct a search reasonable calculated to uncover all relevant documents" and if challenged, must demonstrate "beyond material doubt that the search was reasonable." The adequacy of an agency search is measured by a "standard of reasonableness" and is "dependant upon the circumstances of the case." If the record leaves substantial doubts as to the sufficiency of the search, summary judgment for the agency is not proper. Truitt v. Department of State, 897 F2d 540, 542 (D.C. Cir. 1990); Kowalczyk v. Department of Justice, 73 F3d 386 (D.C. Cir. 1996);

Valencia-Lucena v. U.S. Coast Guard, 180 F3d 321, 326 (D.C. Cir
1999); Judicial Watch, Inc. v. Department of Energy, 412 F3d
125, 128 (D.C. Cir 2005).

15.  An agency cannot limit its search to only one record
system if there are others that are likely to turn up the information
requested. Oglesby v. United States Dep't of the Army, 920 F2d
57, 68 (D.C. Cir 1990).  An agency has discretion to conduct
a standard search in response to a general request, but it must
revise its assessment of what is "reasonable" in a particular
case to account for leads that emerge during its inquiry.  Consequently,
the court evaluates the reasonableness of an agency's search
based on what the agency knew at its conclusion rather than what
the agency speculated at its inception.  Campbell v. U.S. Department
of Justice, 164  F3d 20, 28 (D.C. Cir. 1998).

16.  Furthermore, summary judgment cannot be granted to
a defendant where agency's conduct is arbitrary and capricious,
such as where request has been denied on the basis that records
do not exist as described, despite the fact that the agency's
own records establish that the exact opposite is true.  In review,
a court must ascertain whether the agency sustained its burden
of demonstrating that the documents were exempt from disclosure
under FOIA.  Computer Professionals for Social Responsibility
v. U.S. Secret Service, 72 F3d 897 (D.C. Cir 1996).

17.  The FOIA requires that "[a]ny resonably segregable
portion of a record shall be provided to any person requesting
such a record after deletion of the portions which are exempt."
5 U.S.C. § 552(b).  A district court has an affirmative duty

- 7 -

to consider the segregability issue **sua sponte**. Trans-Pac Policing
Agreement v. U.S. Customs Service, 177 F3d 1022, 1028 (D.C. Cir 1999).
A district court will clearly err when it approves the government's
withholding of information under FOIA without making an express
finding on segregability. PHE, Inc. v. Dept of Justice, 983 F2d
248, 252 (D.C. Cir. 1993). A district court's failure to fulfill
this responsibility requires a remand.

18. In this instant case, the Plaintiff avers the Defendant
has failed to conduct a reasonable search; has improperly withheld
records; has improperly redacted records which it did release;
has failed to identify records it has lost; and has failed to
produce a Vaughn index explaining why it has exempted records.
See accompanying **Memorandum of Law and Facts**. Summary judgment
is not warranted because: (1) the Defendant has failed to describe
the withheld records and the justification for their nondisclosure
with reasonable specific detail; (2) the Defendant has failed
to demonstrate that the information withheld falls logically within
the claimed exemption(s); and (3) the records are in controversy
by either contrary evidence or affidavits. Kimberlin v. Department
of Treasury, 774 F2d 204 (7th Cir. 1985); Stein v. Department of
Justice and Federal Bureau of Investigation, 662 F2d 1245 (7th
Cir. 1981); Center for Auto Safety v. EPA, 731 F2d 16 (D.C. Cir.
1984); Miller v. Casey, 730 F2d 773 (D.C. Cir. 1984). Additionally,
summary judgment should not be granted because the Defendant has
not submitted the proper supporting documentation (e.g. Vaughn
index), Mobil Oil Corp. v. FTC, 406 FSupp 305 (S.D. NY 1976),
and the Plaintiff has demonstrated there are materially controverted

- 8 -

facts. <u>National Ass'n of Government Emp. v. Campbell</u>, 593 F2d 1023 (D.C. Cir 1978); <u>Schaffer v. Kissinger</u>, 505 F2d 389 (D.C. Cir. 1974).

19. The Defendant has provided no detailed justification for the 219 pages withheld in total nor for the heavily redacted 587 pages it has disclosed. There simply is no <u>Vaughn</u> index for these documents. There is no justification for the refusal to disclose them. In short, the Defendant has done very shoddy work in hopes of hiding information sought in its possession which the Defendant should have given to the Plaintiff years ago. The Defendant continues to cover up the illegal actions of its agents in hopes it can continue to cover up the truth.

**Vaughn Index**

20. In proceedings for disclosure of government documents under FOIA, mere conclusory affidavit by government agency that documents sought were of nature exempted from disclosure by provisions of the act was insufficient to establish exemptions claimed and case would be remanded with directions that agency furnish detailed justifications for exemptions claimed, that it itemize and index documents in such manner as to correlate justifications for refusal to disclose with actual portions of documents claimed to be exempt. <u>Vaughn v. Rosen</u>, 484 F2d 820 (D. DC 1973).

21. In this instant case, the Defendant did not sufficiently provide a detailed indexing of the documents and reasons withheld. This Court needs to compel the Defendant to do its duty owed to this Court and the Plaintiff and create the required <u>Vaughn</u> index.

**Discovery**

22.  Discovery in a federal FOIA action is permitted in order to determine whether a complete disclosure of documents has been made and whether those withheld are exempt from disclosure. Local 3, Intern. Broth. of Elect. Workers, AFL-CIO v. NLRB, 845 F2d 1177 (2nd Cir. 1988); Murphy v. FBI, 490 FSupp 1134 (D. DC 1980).

23.  Whether a thorough search for documents has taken place and whether withheld items are exempt from disclosure are permissible avenues for discovery.  Friedman v. FBI, 605 FSupp 306 (N.D. FA 1981); Niren v. INS, 103 FRD 10 (D. OR 1984).  IF the agency's response raises serious doubts as to the completeness and good faith of the agency's search, discovery is appropriate.  Van Strum v. U.S. EPA, 60 FSupp 349 (D. Or 1987).

24.  Discovery may be allowed into a question of fact which must be determined from the agency's affidavits.  Friedman, supra. Such factual disputes include whether the agency engaged in a good faith search for all materials, whether the agency indexed all documents, and whether the agency did in fact, classify the documents it seeks to withhold.  Stein, supra.  If the record demonstrates the presence of a factual dispute, discovery must ensue.  Friedman.

25.  Upon the agency's motion for summary judgment in a FOIA case, the Plaintiff should be permitted to take depositions where the relevant factors are in the agency's control and the affidavits are inaccurate or incomplete.  American Broadcasting Companies, Inc, v. U.S. Information Agency, 599 FSupp 765.

- 10 -

**Controverted Facts**

A.  Defendant has failed to respond to FOIA/PA requests

26.  The Defendant has admitted to failing to respond to the Plaintiff's FOIA/PA requests on Claims One, Five and Six (see Smith Declaration; Hardy's 4th Decl.).

27.  The Defendant has ignored several of the Plaintiff's FOIA/PA requests.  Pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and 552a(g)(1)(B), Plaintiff has deemed his administrative remedies exhausted.  Plaintiff's Claims Four, Eight, Nine and Ten have been constructively exhausted due to the lack of a response by the Defendant.

B.  Defendant has failed to conduct a reasonable search.

28.  The Plaintiff avers the Defendant has failed to search record systems in which it is known that records exist.  The Defendant has not provided any of the described records.  For example:

- Inventories of seized property

- Copies of photographs

- Complete directory, file, e-mail and data from seized computers

- Documents regarding seizure number 3040-02-F-0133

- Adverse or disciplinary reports on Agent Cameron Roe

- Addresses for various FBI field offices

- Computer data from Georgia computers seized

- Documents regarding file no. 305A-BA-80998-E6522-KC

- Copies of forensic examinations used to secure search warrant 2:02-M-026 (N.D. GA)

- Copies of photographs used to secure search warrant 2:02-M-026 (N.D. GA)

29.  The Defendant has admitted that after it conducted its

initial search, additional records were subsequently found. (Hardy's 4th Decl. page 5 FN1; page 9 FN2; page 17 FN7; page 18 FN8; & page 20 FN9).

C.  Defendant has improperly withheld records

30.  The Plaintiff objects to the redactions made by the Defendant on the few documents the Defendant has released (see accompanying **Memorandum of Law and Facts**). The Defendant has provided no justification (e.g. <u>Vaughn</u> index) explaining why it has exempted records.

D.  Defendant has lost records

31.  The Defendant has admitted to losing vital criminal documents (see Hardy's First Declaration, page 4 FN3). The Defendant has not provided any documentation regarding the lost documents, nor tried to reconstruct the missing documents.

## Conclusion

32.  The Plaintiff has demonstrated the Defendant should not be granted either their motion to dismiss nor their motion for summary judgment. This Court should allow the Plaintiff to conduct discovery and compel the Defendant to produce a <u>Vaughn</u> index within ten (10) days of this Court's order.

Respectfully submitted,

Date: 18-Aug-08

Gary L. Smith, Pro Se
#52962-019
P.O. Box 90043
Petersburg, Virginia  23804

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                    Plaintiff,          )
                                        )
v.                                      )    Case No.: 1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                    Defendant.          )

MEMORANDUM OF LAW AND FACTS

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
§ 552 EXEMPTIONS AND RESPONSES TO PLAINTIFF'S
FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

1.  This case arises under the Freedom of Information Act
("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.
The Plaintiff, Gary L. Smith, has filed several FOIA/Privacy Act
requests to the Defendant, Federal Bureau of Investigation.[1]
The Defendant has ultimately responded to these requests after
the commencement of this action. The Plaintiff states herein his
objections and response to the Defendant's production of documents
requested.

_____

1.  The Defendant has claimed that the "Federal Bureau of Investigation" is
not the proper defendant. However, under the definition of "agency" in 5 U.S.C.
§ 551, the FBI may be considered as an agency separate from the Department of
Justice, despite the fact that actions of the FBI may be subject to review by
the Department of Justice. Silets v. FBI, 591 FSupp 490 (N.D. Ill 1984). The
FBI and its director are agencies to which requests for documents can be directed
to within the meaning of FOIA. Miller v. Webster, 483 FSupp 883, affd in part and
revd in part on other grounds, 661 F2d 623 (CA7 Ill 1981), cert den (1982), 456
US 960, 72 LEd2d 484, 102 SCt 2035. The legislative history of the FOIA clearly
indicates that the FBI is such an agency for FOIA purposes. Congress intended
the FOIA to apply to criminal law enforcement authorities and the FBI is such an

- 1 -

Liberal Construction

2.  Plaintiff is proceeding Pro Se in this instant action.
Plaintiff is a layman, unskilled in the law.  Because Plaintiff
is proceeding Pro Se, this Court **must** construe this request for
relief liberally and consider all possible bases of authority
even though none may be identified by the Plaintiff.  See Conley
v. Gibson, 255 US 41, 2 LEd2d 80, 78 SCt 99 (1957); Haines v.
Kerner, 404 US 519, 30 LEd2d 652, 92 SCt 594 (1972).  The allegations
in a pro se pleading must be taken as true and construed in favor
of the Plaintiff.  Neitzke v. Williams, 490 US 338, 104 LEd2d 338,
109 SCt 1827 (1989).  Pro Se pleadings are held to a less stringent
standard than pleadings drafted by attorneys and will therefore
be liberally construed.

Plaintiff's Declaration

3.  The Plaintiff declares under the penalty of perjury under
the laws of the United States (e.g. Title 28 U.S.C. § 1746) that
the facts contained in this memorandum are true and correct to
the Plaintiff's knowledge.[2]

---

authority.  House Rep. NO. 93-876 (1974); U.S.C. Code; Cong & Admin News, pp.
6267, 6291-92.  See Hamlin v. Kelly, 433 FSupp 180, 181 (N.D. Ill 1977).  Refer
also to Rorrow v. FB, 2 F3d 642 (5th Cir. 1993); Ohaegbu v. FBI, 936 FSupp
7 (D.C. Cir 1996); Jimenex v. FBI, 938 FSupp 21 (D.C. Cir. 1996); Dipietro v.
Executive Office for U.S. Attorneys, 357 FSupp2d 177 (D.C. Cir 2004).

2.  The Plaintiff presents this memorandum in affidavit form.  Memorandums
presented in affidavit form, supported by facts, must be taken as true.  See Kholberg
v. Lehlback, 160 US 293, 40 LED2d 432, 16 SCt 304 (1985).  Facts duly alleged
are deemed true unless denied or controverted by evidence.  See also 3 AmJur2d
Affidavit at § 20.

- 2 -

A. **Objections to Defendant's Exemption § 552(b)(2) claims**

4. The government agency claiming a (b)(2) exemption has the burden of establishing that the materials and issues in question are related solely to internal personnel rules and practices. Institute for Policy Studies v. Department of Air Force, 676 FSupp (D. DC 1987); Avg v. National R. R. Passenger Corp., 425 FSupp 946 (D. DC 1976). Exemption 2 applies routinely to "housekeeping matters", however, should the material sought be subject to a genuine and significant public interest, the exemption is not applicable. Department of the Air Force v. Rose, 425 US 325, 48 LEd2d 11, 96 SCt 1592 (1976).

5. "The Supreme Court has repeatedly reminded the lower courts in enacting FOIA, 'Congress sought to open agency actions to the light of public scrutiny'". Rose, 425 US at 372-73. The focus of the public interest analysis is the citizen's right to know "what their government is up to." U.S. Dept of Justice v. Reporters Comm. for Freedom of the Press, 489 US 749, 773, 103 LEd2d 774, 109 SCt 1468 (1989)(citations omitted); see also Beck v. Dept of Justice, 997 F2d 1489, 1491 (D.C. Cir. 1993).

6. There is a two step process for determining if records fall within Exemption 2: First, the material withheld should fall within the terms of the statutory language. (Schwaner v. Dept of Air Force, 898 F2d 793 (D.C. Cir. 1990)(quoting Founding Church of Scientology of Washington, DC, Inc. v. Smith, 721 F2d 828, 830 n. 4 (D.C. Cir. 1983)). Secondly, "[i]f so, the agency may defeat disclosure by providing that either 'disclosure may risk circumvention of agency regulation, '" Id. (quoting Rose, 425 US at 369), "or 'the

material relates to trivial administrative matters of no genuine public interest,'" Id. at 794 (quoting Founding Church of Scientology, 721 F2d 830 n. 4).  Notably, "[t]his exemption does not shield information on the sole basis that it is designed for internal agency use." Fitzgibbon v. U.S. Secret Serv., 747 FSupp 51, 56 (D.C. Cir. 1990)(citing Schwaner, 898 F2d at 794, 796).

7.  The Plaintiff avers that Agent Cameron D. Roe, on his April 18, 2002 search warrant affidavit from the Northern District of Georgia (Jefferson Georgia):

    a) lied to the issuing magistrate judge about the images in paragraph #17 of his warrant application;

    b) lied about his knowledge of a report to the National Center for Missing and Exploited Children;

    c) lied about evidence from Chicago, Illinois; and

    d) exceeded his authority and seized items outside the scope of his warrant.

8.  Agent Cameron D. Roe interrogated Adrianne Jones and her parents (Steve and Michelle Jones) on or about the end of January 2002 (Exhibit #1, Adrianne Jones Affidavit, ¶ 1).  During this interrogation, Ms. Jones not only stated the photographs presented to her by Agent Roe were not of herself, Ms. Jones positively identified the woman as Anna Redo, nineteen years of age (at the time the photographs were taken), who is from Chicago, Illinois (see A. Jones Affidavit, ¶ 2, 3 & 4).

9.  Ms. Jones states the statement in Agent Roe's affidavit (paragraph #17) is completely false (A. Jones Affidavit, ¶ 5).

10.  Agent Roe knew as a result of interviewing Ms. Jones, a full three (3) months before he swore to his affidavit that

- 4 -

the photographs were **not** of Adrianne Jones.

11. Agent Roe stated in paragraph #19 of his search warrant affidavit:

> "On Febarury 18, 2002, a reporting party contacted the National Center for Missing and Exploited Children and reported that SMITH [Plaintiff] has a "golden collection" which reporting party has not seen ..."

However, Agent Roe's testimony against the Plaintiff states (TT, page 149, ln 6-11)[3]:

| | |
|---|---|
| Woodard: | Okay. Who was it that contacted the National Center for Missing and Exploited Children, do you know? |
| Roe: | No. |
| Woodard: | Do you know whether anyone actually did that? |
| Roe: | No. |

If Agent Roe did not know if anyone contacted the National Center for Missing and Exploited Children on April 23, 2003, how could he swear to it on his affidavit on April 18, 2002, one year earlier? Which one of Agent Roe's statements is true? Agent Roe has to be lying on either his affidavit or in his testimony, because both statements cannot be true.

12. Agent Roe claims in paragraph #16 of his search warrant that child pornography was found as a result of forensic examinations of the Plaintiff's computers seized in Chicago, Illinois:

> "A subsequent forensic examination of the computers revealed several images of child erotica and child pornography."

Agent Roe's testimony tells a different tale (TT, page 149, lines 15-20):

---

3. "TT" refers to Trial Transcript, <u>USA v. Smith</u>, 02-05017, Western District of Missouri, April 23, 2003.

> Woodard:    But you have in your memory banks at this time that would
> tell you that there was one particular [image] that stood
> out that was a picture of an underage girl?
>
> Roe:    I haven't seen all the images.
>
> Woodard:    But you don't know of one now?
>
> Roe:    I haven't seen the images.

Agent Roe clearly doesn't know of any actionable photographs (e.g.
child pornography) from Chicago. What forensic examination could
Agent Roe be referring to? The only report known to the Plaintiff
is the one conducted by the United States Postal Inspector. Their
conclusion was (referring to Exhibit #2, page 4):

> "... Investigation focused on a lead that a private series of digital
> photographs existed known as the "Golden Collection". There was <u>no conclusive
> finding of child pornography</u>. Review and examination of seized materials
> disclosed that images were child erotica rather than child pornography."
> (emphasis added)

So where is the child pornography Agent Roe states in his affidavit?

13.    Testifying witness Detective Robert Farley from Cook
County Sheriff's Department testified (TT, page 129, lines 20-24):

> Woodard:    During the period of time that you made your investigation
> of Gary Smith [Plaintiff] in Chicago, did you find anything
> which resulted in charges against him in Chicago, Cook County
> area, Illinois?
>
> Farley:    There are no charges in Cook County.

If any child pornography would have been found, charges would
have been filed by Detective Farley.

14.    Clearly the record establishes there was absolutely no
child pornography found in any of the Plaintiff's computers, personal
property nor his residence in Chicago, Illinois. The only logical,
rational conclusion that could be made by a jurist of reason
is that Agent Cameron Roe willfully lied on his search warrant
affidavit.

15.    Why would the government prevent the Plaintiff from

knowing the contents of these documents and photographs? Why keep the investigative notes from the Plaintiff?  Compare Oguaju v. United States, 378 F3d 1115, 1117 (D.C. Cir. 2004)(affirming a grant of summary judgment where requestor asserted, without substantiation that a government informant committed perjury); Butler v. DEA, No. 05-1798, 2006 WL 398653 at *5 (D. DC, Feb. 16, 2006) (granting summary judgment against a requestor on the grounds that "bald assertions of misconduct" by government officials are insufficient under Favish without proof); Peltier v. FBI, No. 3-905, 2005 WL 735964 at *15 (W.D. NY, March 31, 2005)(stating that a FOIA requestor who "presented no evidence of any illegality on the part of the FBI" failed to satisfy the Favish standard). However, in this instant case, the Plaintiff has shown why there is a public interest in investigating Agent Cameron Roe for perjury and obtaining these documents from the Defendant.  Nat'l Archives & Records Admin v. Favish, 541 US 157, 174, 158 LED2d 319, 124 SCt 1590 (2001); Horowitz v. Peace Corps, 428 F3d 271, 278 (DC Cir. 2005).

16.  The Plaintiff need not produce dispositive evidence that there is a public interest in this information; he need only provide evidence of a genuine issue of material fact (e.g. Agent Cameron Roe's truthfullness, or lack thereof), and in the face of the agency's complete lack of evidence regarding this exemption, this Court should direct the FBI to supply the explanation necessary to meet its burden.  See 5 U.S.C. § 552(a)(4)(B); United States Dept. of Justice v. Tax Analysts, 492 US 136, 106 LED2d 112, 109 SCt 2841 (1989).

- 7 -

B. Objections to Defendant's Exemption § 552(b)(3) claim

17.  Whether information is specifically exempt from disclosure by law is, generally, a legislative determination, not an administrative or judicial one.  While the Plaintiff would normally agree with the usage of Rule 6(e) for this exemption, Rule 26.2, Title 18 U.S.C. § 3500 and Giglio v. United States, 405 US 150, 31 LEd2d 104, 92 SCt 763 (1972) trumps Rule 6(e).

18.  Accordingly, the statements of any testifying witnesses (e.g. Molly Lancaster, Fred Frakes, Shannon Jones, Adrianne Jones, Dale Lucid, Missy Houdeshell or Stacey Stenton) are not covered by this exemption.  This Court must compel the Defendant to turn over these documents.

C.  Objections to Defendant's Exemption § 552(b)(5) claim

19.  This Circuit has established the standard for review of an agency claims under exemption 5:  "To test whether disclosure of a document is likely to adversely affect the purpose of the privilege, this Court must ask itself whether the document is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication with the agency."  Costal States Gas Corp v. Department of Energy, 617 F2d 854, 866 (D.C. Cir. 1980).

20.  In order for the court to determine if information was "deliberative", it must "reflect the personal opinions of the writer rather than the policy of the agency."  Costal States Gas, supra. at 866.  "Factual material that does not reveal the deliberative process is not protected by this exemption".  Paisley v. CIA, 712 F2d 686, 698 (D.C. Cir. 1983)(citing EPA v. Mink, 410 US 73,

89-91, 35 LED2d 119, 93 SCt 827 (1973)), vacated in part on other grounds, 724 F2d 201 (D.C. Cir. 1984).  The minimal information given in the Defendant's affidavit provide this Court with no way of knowing if the Defendant has properly applied this standard in exempting materials from the records identified.  Moreover, "[t]o ascertain whether the documents at issue are predecisional, this Court must first be able to pinpoint an agency decision or policy to which these documents contributed."  Id. at 698.  "The identity of the parties to the documents is important; a document from a subordinate to a superior official is more likely to be predecisional, while a document moving in the opposite direction is more likely to contain instructions to staff explaining the reasons for a decision already made."  Costal States Gas, supra. at 868.

21.  Because the Defendant's declaration fails to provide "specific detailed proof that disclosure would defeat rather than further the purposes of FOIA", (Mead Data Cent., Inc. v. U.S. Dept. of Air Force, 566 F2d 242, 258 (D.C. Cir. 1977)), this Court must compel the Defendant to supply at least "the minimal information necessary to make the determination."  Costal States Gas, supra. at 862.

D.  Objections to Defendant's Exemption § 552(b)(6) claim

22.  Disclosure will not be barred merely because it cannot be guaranteed that the disclosure will not trigger a recollection of identity in any person embarrassed to the subject of such information.  Department of Air Force v. Rose, 425 US 352, 48 LEd2d 1, 96 SCt 1592 (1976).  Documents that tend to act as testimonials

- 9 -

to the character of the person with whom they are concerned do not qualify for the exemption, with respect to the identity of the authors. Philadelphia Newspapers Inc. v. Dept. of Justice, 405 FSupp 8 (E.D. of PA, 1995).

23. Exemption 6 provides that agencies need not disclose "personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6's requirement that disclosure be 'clearly unwarranted' instructs the court to "tilt the balance [of disclosure interests against privacy interests] in favor of disclosure." Washington Post Co. v. U.S. Dept. of Health and Human Servs., 690 F2d 252, 261 (D.C. Cir. 1982)(quoting Diltow v. Schultz, 517 F2d 166, 169 (D.C. Cir. 1975)). This exemption creates a "heavy burden"; indeed, under Exemption 6, the presumption in favor of disclosure is as strong as can be found anywhere in the FOIA act. Id.; Morley v. CIA, 508 F3d 1108, (D.C. Cir 2007).

24. In this instant case, the Defendant's reliance on exemption 6 is in error. Clearly the Defendant has not demonstrated through its affidavit that this exemption should be and has been correctly applied to the documents sought by the Plaintiff.

E. Objections to Defendant's Exemption § 552(b)(7)(D) claim

25. The burden is on the governmental agency seeking to withhold information establishing a (b)(7)(D) exemption under FOIA. United States Dept. of Justice v. Landon, 508 US 165, 124 LEd2d 84, 113 SCt 2014 (1993).

26. The government bears not only the general burden of proof that an exemption applies, but also the specific burden of demonstrating an expressed assurance of confidentiality. In the

absence of such evidence, it is reasonable to infer that no such assurance was made, making the critical inquiry as to reasonableness to whether the statements were made under some understanding on the part of the deponet that his or her statements would be confidential. Title Guarantee Co. v. NLRB, 407 FSupp 498 (S.D. NY 1975).  The mere fact that a person or institution provides information to a law enforcement agency does not render that person a "confidential source" within the meaning of exemption (b)(7)(D).  Landano, supra. Rather, exemption (b)(7)(D) applies only when "the particular source spoke with an understanding that the communication would remain confidential."  Landano, supra. at 172.  Such understandings are reasonable when the law enforcement receiving information provides either an expressed or implied assurance of confidentiality. Id.

     27.   There are no assumptions that a source is "confidential" whenever a source provides information to a law enforcement agency in the course of a criminal investigation.  Rather, the source's confidentiality is determined on a case by case basis.  Dipietro v. Executive Office for U.S Attorneys, 357 FSupp2d 177 (D.C. Cir 2004).  To withhold information under exemption (b)(7)(D) by expressed assurances of confidentiality, the Defendant must present "probative evidence that the source did in fact receive an express grant of confidentiality."  Davin v. United States Dept. of Justice, 60 F3d 1043, 1061 (3rd Cir. 1995).  Such evidence can take a wide variety of forms, including notations on the face of a withheld document, the personal knowlege of an official familiar with the source, a statement by the source, or contemporaneous documents discussing practices or policies for dealing with similarly

- 11 -

situated sources. See e.g. Id.; Computer Professionals v. U.S. Secret Service, 72 F3d 897, 906 (D.C. Cir. 1996). No matter which method the agency adopts to meet its burden of proof, its declarations must permit meaningful judicial review by providing a sufficiently detailed explanation of the basis for the agency's conclusion.

28. In this instant case, any information made by any of the witnessess (e.g. Molly Lancaster, Fred Frakes, Shannon Jones, Adrianne Jones, Dale Lucid, Missy Houdeshall or Stacey Stenton) would have to be disclosed to the Plaintiff. There is no way the government could have promised confidentiality, nor has the government offered any proof what so ever that any was. To do so would admit the government committed Brady violations.

29. These testifying witnesses were not a "confidential source" in the Plaintiff's trial. In order for the government to claim them as such, they must remain "confidential" -- something which the government has not done. Therefore, it is reasonable to state that the Defendant made no expressed assurances of confidentiality to any of these testifying witnesses. See also Radowich v. United States Attorney, 658 F2d 959-60 (4th Cir. 1981).

30. Accordingly, this Court must deny the Defendant's claim with instructions to provide the documents in full that previously claimed the (b)(7)(D) exemptions.

F. Objections to Defendant's Exemption § 552(b)(7)(E) claim

31. To determine whether information is properly withheld under the law-enforcement techniques exemption of the FOIA, a district court must find that: (1) the information was compiled for law enforcement purposes and (2) the release of information

- 12 -

would reasonably be expected to risk circumvention of the law.
Edmonds v. FBI, 272 FSupp2d 35 (D. DC 2003); Blanton v. U.S. Dept
of Justice, 63 FSupp2d 35 (D. DC 1999).  Exemption 7(E) does not
apply to records falling within the scope of the provision of FOIA
requiring the disclosure of ordinary staff manuals and instructions
that affect the public.  Cox v. U.S. Dept of Justice, 576 F2d 1302
(8th Cir. 1978); Ferguson v.Kelley, 448 FSupp 919 (N.D. Ill 1977).
Indeed, the disclosure of materials giving concise explanations
of inspection procedures and detailed discussions of standards
to be enforced, as may be contained in such documents, may lead
to more compliance with the law, not less.  Strokes v. Brennan,
476 F2d 699 (5th Cir. 1973).

    32.  Similarly, an agency's computer algorithm that is relied
on is an enforcement action is not exempt under exemption (b)(7)(E)
because such an algorithm was not solely internal or investigatory,
and disclosure would not facilitate circumvention of the law by
the regulated industry, but rather will allow the industry's concen-
tration on correcting what the agency considers the most serious
breaches. Don Rat Drive-A-Way Co. of California, Inc. v. Skinner,
785 FSupp 198 (D. DC 1992).

    33.  Statement of policy and interpretations which an agency
has adopted, but failed to publish in the federal register, cannot
be the subject of a claim of exemption under exemption (b)(7)(E).
Firestone Tire & Rubber Co. v. Coleman, 432 FSupp 1359 (N.D. Ohio
1976).  Furthermore, exemption (b)(7)(E) may not be used to withhold
information regarding investigative techniques that are illegal
or of questionable legality.  Wilkinson v. FBI, 633 FSupp 336 (C.D.
Cal 1986).

- 13 -

34.  In this case, the Defendant has failed to demonstrate
and the record is void of "what law enforcement techniques and
procedures are not commonly known". (Referring to an agents notes
and e-mails, case jackets and "other" [unspecified] investigative
materials). The record is void of what "other investigative mat-
erials" may be. As far as the record is concerned, they could
be anything -- location of Area 51, the missing JFK films, OJ's
missing glove. The point here is, that the Defendant expects this
Court to take its "word" that "other investigative materials" could
not be disclosed to the Plaintiff. This is a complete break down
of the adverserial role this District Court needs to be in.

## G.  Objections to Defendant's Exemption § 552a(j)(2) claim

35.  This law enforcement exemption must consist of information
compiled for the purpose of identifying individual criminal offenders
and alleged offenders and consists **only** of: identifying data and
notations of arrest; the nature and disposition of criminal charges;
and sentencing, confinement, release and parole and probation status.

36.  The Defendant has failed to specify that there is an
active criminal investigation of the Plaintiff. Nor has the Defendant
specify which criminal system records are being withheld from.
Nor has the Defendant shown which promulgated regulations (as required
by law) have exempted this unknown records system. Stimac v. Dept
of Treasury, Bureau of Alcohol, Tobacco & Firearms, 586 FSupp 34
(N.D. Ill 1984); Reyes v. Supervisor of DEA, 647 FSupp 1509 (D.
Puerto Rico 1986).

**H.  Reservation of Rights**

37.  The Plaintiff reserves his right to add to these objections. The Plaintiff does not waive his right to challenge the Defendant's claimed exemptions.  The Plaintiff does not admit any exemption claimed by the Defendant to be valid, and avers the converse is true -- that all claimed exemptions by the Defendant are invalid.

**I.  Declaration**

38.  I, Gary L. Smith, Pro Se Plaintiff, declare under the penalty of perjury under the laws of the United States that the foregoing is true, correct and complete to the best of my knowledge and belief.

Respectfully submitted,

Date: 18-Aug-08

Gary L. Smith, Pro Se
#52962-019
P.O. Box 90043
Petersburg, Virginia  23804

- 15 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                    Plaintiff,          )
                                        )
v.                                      )   Case No.:  1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                    Defendant.          )

## DECLARATION OF GARY L. SMITH

I, Gary L. Smith, Pro Se Plaintiff, declare under the penalty of
perjury under the laws of the United States that the following
is true, correct and complete to the best of my knowledge and
belief:

1.  I am the Plaintiff in the above captioned case at bar.

2.  The purpose of this declaration is to provide the Court
and the Defendant information regarding the Plaintiff's FOIA/Privacy
Act request and in support of the Plaintiff's Opposition to the
Defendant's Motion to Dismiss or for Summary Judgment or To Stay
Proceedings.

## Procedural History of Plaintiff's Claim One
### "Field Office Addresses"

3.  On August 18, 2006, the Plaintiff mailed a Freedom of
Information Act (Title 5 U.S.C. § 552, henceforth "FOIA") and
Privacy Act (Title 5 U.S.C. § 552a, henceforth "PA") request to
the Defendant's Headquarters in Washington, DC.  (Defendant's

- 1 -

Exhibit "CC").

4. On October 17, 2006, the Plaintiff deemed the lack of response by the Defendant as an exhaustion of his administrative remedies, pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

5. On October 17, 2006, the Plaintiff mailed an appeal[1] via certified mail (# 7006 0810 0002 1918 9291) to the Defendant in Washington, DC. (Plaintiff's Exhibit "8").

6. On November 15, 2006, the Plaintiff deemed the lack of response of his appeal as an exhaustion of his administrative remedies available to him, pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552(g)(1)(B).

7. The Defendant has admitted (see Fourth Declaration of David M. Hardy [henceforth, "Hardy, 4th Decl."], that they have not responded to this request (page 15, FN 5).

### Procedural History of Plaintiff's Claim Two
#### "Atlanta Field Office J"

8. On October 9, 2006, the Plaintiff mailed a FOIA/PA request to the Defendant's Atlanta Field Office in Atlanta, Georgia via certified mail (# 7006 0810 0002 1918 8508). (Defendant's Exhibit "R").

9. On October 18, 2006, the Defendant referred this request to the FBI Headquarters for further processing. (Defendant's Exhibit "T").

---

1. Even though the Plaintiff has exhausted his administrative remedies and is able to file suit, in the interest of justice for this one claim only, he has appealed this lack of response by the Defendant.

10.  On November 15, 2006, the Plaintiff deemed the lack of a response by the Defendant as an exhaustion of his administrative remedies, pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

11.  On March 17, 2008 and April 8, 2008, the Defendant responded untimely with seventy-nine (79) heavily redacted pages. (Defendant's Exhibits "I" & "J" respectfully).


## Procedural History of Plaintiff's Claim Three
### "Atlanta Field Office II"

12.  On September 19, 2006, the Plaintiff mailed a FOIA/PA request to the Defendant's Atlanta Field Office in Atlanta, Georgia. (Defendant's Exhibit "P").

13.  On September 21, 2006, the Defendant referred this request to the FBI Headquarters for further processing. (Defendant's Exhibit "Q").

14.  On October 10, 2006, the Defendant replied to the Plaintiff's request. (Defendant's Exhibit "S"). The Defendant denied this request in its entirety, pursuant to exemption (b)(7)(A).

15.  On October 20, 2006, the Plaintiff mailed an appeal of the denial of his request to the United States Department of Justice via certified mail (# 7006 0810 0002 1918 8584). (Plaintiff's Exhibit "3").

16.  On November 6, 2006, the Defendant denied the Plaintiff's appeal. (Plaintiff's Exhibit "13").


## Procedural History of Plaintiff's Claim Four
### "Atlanta Field Office III"

17.  On March 30, 2006, the Plaintiff mailed a FOIA/PA request

- 3 -

to the Defendant's Headquarters in Washington, DC.

18. On August 4, 2006, the Defendant replied to the Plaintiff's request, stating that no records were available. The Defendant instructed the Plaintiff to file his requests with indivdual field office. (Plaintiff's Exhibit "4").

19. On August 18, 2006, the Plaintiff filed a timely appeal to the Defendant. (Plaintiff's Exhibit "5").

20. On August 23, 2006, the Defendant's Atlanta Field Office notified the Plaintiff that it was referring his request to the FBI Headquarters for further processing. (Defendant's Exhibit "N").

21. On September 12, 2006, the Plaintiff notified the Defendant of the lack of response for this request. The Plaintiff appealed this denial. (Defendant's Exhibit "O").

22. On October 20, 2006, the Plaintiff mailed a notice to the Defendant via certified mail (# 7006 0810 0002 1918 8584) that he has exhausted his administrative remedies pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B). (Plaintiff's Exhibit "6").

## Procedural History of Plaintiff's Claim Five
### "Los Angeles Field Office"

23. On November 3, 2006, the Plaintiff filed a FOIA/PA request to the Defendant's Los Angeles Field Office in Los Angeles, California via certified mail (# 7006 0810 0002 1918 9345). (Defendant's Exhibit "HH").

24. On December 16, 2006, the Plaintiff deemed the lack of a response by the Defendant as a denial of his request, pursuant

to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

25. On December 26, 2006, the Plaintiff filed an appeal of the denial of records to the Defendant via certified mail (# 7006 2760 0001 6725 1692). (Defendant's Exhibit "II").

26. On January 9, 2007, the Defendant referred this request to the FBI Headquarters for further processing. (Plaintiff's Exhibit "11").

27. On February 7, 2007, the Defendant replied to the Plaintiff's appeal. The Defendant refused to process the appeal. (Defendant's Exhibit "JJ").

28. On May 9, 2007, the Defendant notified the Plaintiff that they were still working on his request. (Defendant's Exhibit "KK").

## Procedural History of Plaintiff's Claim Six
### "Springfield, Illinois Field Office"

29. On November 6, 2006, the Plaintiff mailed a FOIA/PA request to the Defendant's Springfield Field Office in Springfield, Illinois via certified mail (# 7006 0810 0002 1918 9369). (Defendant's Exhibit "NN").

30. On November 13, 2006, the Defendant referred this request to the FBI Headquarters for further processing. (Defendant's Exhibit "OO").

31. On December 26, 2006, the Plaintiff notified the Defendant of a lack of response, via certified mail (# 7006 2760 0001 6725 1682), that he has exhausted his administrative remedies, pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B). (Plaintiff's Exhibit "9").

32.  The Defendant has admitted they have not responded to this request.  (Hardy's 4th Decl., page 21, PN 10).

### Procedural History of Plaintiff's Claim Seven
"Kansas City Field Office"

33.  On September 12, 2006, the Plaintiff mailed a FOIA/PA request to the Defendant's Kansas City Field Office in Kansas City, Missouri.  (Defendant's Exhibit "A").

34.  On September 20, 2006, the Defendant referred this request to the FBI Headquarters for further processing.  (Plaintiff's Exhibit "7").

35.  On October 17, 2006, the Plaintiff deemed the lack of a response by the Defendant as an exhaustion of his administrative remedies, pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

36.  On November 9, 2006, the Defendant once again sent a letter to the Plaintiff stating it was referring his request to the FBI Headquarters for further processing.  (Defendant's Exhibit "C").

37.  On November 24, 2006, the Plaintiff notified the Defendant of a lack of response, via certified mail (# 7006 0810 0002 1918 8690), that he has exhausted his administrative remedies, pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).  (Defendant's Exhibit "D").

38.  On December 11, 2006, the Defendant responded to the Plaintiff's November 24, 2006 notification letter.  The Defendant erroneously construed the November 24, 2006 letter as an appeal attempt and forwarded the Plaintiff's letter to the FBI Headquarters (Defendant's Exhibit "E").

- 6 -

39. On May 9, 2007, the Defendant notified the Plaintiff of a delay in fulfilling his FOIA/PA request. (Defendant's Exhibit "G").

40. On June 4, 2007, the Plaintiff notified the Defendant of his correct address. (Defendant's Exhibit "F").

41. On June 11, 2007, the Defendant denied the Plaintiff's request. (Defendant's Exhibit "H").

## Procedural History of Plaintiff's Claim Eight
### "Sacramento Field Office"

42. On November 6, 2006, the Plaintiff mailed a FOIA/PA request to the Defendant's Sacramento Field Office in Sacramento, California via certified mail (# 7006 2760 0001 6725 1682). (Defendant's Exhibit "LL").

43. On December 15, 2006, the Defendant referred this request to the FBI Headquarters for further processing. (Defendant's Exhibit "MM").

44. On December 26, 2006, the Plaintiff notified the Defendant of a lack of a response, via certified mail (# 7006 2760 0001 6725 1682), that he has exhausted his administrative remedies, pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B). (Plaintiff's Exhibit "10").

## Procedural History of Plaintiff's Claim Nine
### "Quantico Forensic Audio, Video and Image Analysis Unit"

45. On November 16, 2006, the Plaintiff mailed a FOIA/PA request to the Defendant's Forensic Audio, Video and Image Analysis Unit in Quantico, Virginia via certified mail (#7006 0810 0002

1918 8669).  (Defendant's Exhibit "EE").

46.  On December 13, 2006, the Defendant referred this request to the FBI Headquarters for further processing  (Defendant's Exhibit "FF").

47.  On January 2, 2007, the Plaintiff deemed the lack of response as an exhaustion of his administrative remedies pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

## Procedural History of Plaintiff's Claim Ten
### "Tampa Field Office"

48.  On November 6, 2006, the Plaintiff mailed a FOIA/PA request to the Defendant's Tampa Field Office in Tampa, Florida via certified mail (#7006 0810 0002 1918 9352).  (Defendant's Exhibit "PP").

49.  On December 6, 2006, the Plaintiff deemed the lack of a response by the Defendant as an exhaustion of his administrative remedies, pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B).

50.  On December 8, 2006, the Defendant referred this request to the FBI Headquarters for further processing.  (Defendant's Exhibit "QQ").

51.  On January 8, 2007, the Plaintiff notifed the Defendant via certified mail (# 7006 2760 0001 6725 1521) that its search was inadequate.  (Plaintiff's Exhibit "14").

52.  As of this date, there has been no further response from the Defendant regarding this request.

Procedural History of Additional FOIA/PA Requests

Atlanta Field Office IV

53.  On June 11, 2007, the Plaintiff mailed a FOIA/PA request
to the Defendant's Atlanta Field Office in Atlanta, Georgia via
certified mail (#7005 3110 0003 8092 7608). (Defendant's Exhibit
"U").

54.  On June 14, 2007, the Defendant referred this request
to the FBI Headquarters for further processing. (Defendant's
Exhibit "V").

55.  As of this date, the Defendant has not responded to
this request.  Pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(
(g)(1)(B), the Plaintiff has deemed this request as exhausted.

FBI Headquarters I

56.  On January 31, 2006, the Plaintiff mailed a FOIA/PA
request to the Defendant's Headquarters in Washington, DC. (Defendant's
Exhibit "W").

57.  On March 7, 2006, the Defendant asked the Plaintiff
for additional information to sufficiently identify the information
he was seeking.  The Plaintiff promptly returned the form to the
Defendant. (Defendant's Exhibit "Z").

58.  The Defendant has admitted they have not responded to
this request as of this date. (See Hardy's 4th Decl., page 13,
FN 3).

FBI Headquarters II

59.  On February 3, 2006, the Plaintiff mailed a FOIA/PA
request to the Defendant's Headquarters in Washington, DC.
(Defendant's Exhibit "X").

- 9 -

60. On March 6, 2006, the Defendant denied the Plaintiff's request. (Defendant's Exhibit "Y").

61. On August 18, 2006, the Plaintiff appealed the denial of his February 3, 2006 request. (Defendant's Exhibit "BB"). On October 10, 2006, the Defendant acknowledged the Plaintiff's appeal. (Defendant's Exhibit "DD").

62. On October 20, 2006, the Plaintiff notified the Defendant of a lack of response, via certified mail (# 7006 0810 0002 1918 8584). The Plaintiff deemed this lack of response on his FOIA/PA appeal as an exhaustion of his administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and 552a(g)(1)(B). (Plaintiff's Exhibit "12").

63. On January 29, 2007, the Defendant denied the Plaintiff's appeal. (Defendant's Exhibit "GG").

## FBI Headquarters III

64. On March 30, 2006, the Plaintiff mailed a FOIA/PA request to the Defendant's Headquarters in Washington, DC via certified mail (# 7002 3150 0003 9520 2067). (Defendant's Exhibit "AA").

65. As of this date, the Defendant has not responded to this request. Pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a (g)(1)(B), the Plaintiff has deemed this request as exhausted.

## United States Marshals Service

66. On March 24, 2008, the United States Marshals Service forwarded a FOIA/PA request (Plaintiff's Exhibit #15) made by the Plaintiff, pursuant to a Court Order from this Court (see Smith v. USMS, 1:06-cv-02197(RWR), Plaintiff's Exhibit #16). The Plaintiff simultaneously filed the FOIA/PA request to the Defendant via

certified mail (#7002 2030 0000 2919 8650). (Plaintiff's Exhibit #17).

67. The Defendant received this request on April 4, 2008. As of this date, the Defendant has not responded to this request. Pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i) and 552a(g)(1)(B), the Plaintiff has deemed this request as exhausted.

**Declaration**

I, Gary L. Smith, Pro Se Plaintiff, declare under the penalty of perjury under the laws of the United States that the foregoing is true, correct and complete to the best of my knowledge and belief.

Respectfully submitted,

Date: 18-Aug-08

Gary L. Smith, Pro Se
#52962-019
P.O. Box 90043
Petersburg, Virginia  23804

- 11 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                        Plaintiff,      )
                                        )
v.                                      )   Case No.:   1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                        Defendant.       )

EXHIBIT "1"

Affidavit of Adrianne Jones

## A F F I D A V I T

I, Adrianne Jones, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

1) Agent Cameron Roe interviewed me and my parents, Steve and Michelle Jones, at the end of January of 2002, in Athens, Georgia.

2) During this interview, I was shown a series of photographs of a young woman in various stages of undress.

3) I confirmed to Agent Roe that the photographs were not of myself.

4) I identified this young woman as Anna Redo, from Chicago, Illinois.

5) The statement made by Agent Roe (Exhibit #1, Item #17 from Agent Roe's affidavit sworn on April 18, 2002), is false. Agent Roe knew, as a result of the interview involving myself, that the photographs were not of me.

6) Gary Smith's attorney, John Woodard, never contacted me to discuss the possibility of me testifying on Mr. Smith's behalf.

7) Eva Stencil presented herself as a mother of a young woman interested in modeling with Mr. Smith. During this meeting, Ms. Stencil asked Mr. Smith if he would photograph her underage daughter nude if she asked. Mr. Smith told Eva Stencil that if that is what she wanted, she had chosen the wrong photographer.

8) In a personal letter (Exhibit #2), I stated to Gary Smith:

"I am absolutly, horrified and speachless about the Quote and statements said or typed in the affidavit!

You need to tell those people they have lost their mind! and make up too much bull shit

You have NEVER EVER TAKEN ANY PIX OF ME OR ANY NUDE OR EXPLIT FASHION - WHERE IS THEIR PROOF! GRRRR!

Damn, I am so tied of this on going shit. I will tell the world, even take a polygraph test to testify, you have never taken any.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: Jan 19, 2006          By: Adrianne Jones
                                Adrianne Jones

Exhibit #1

to be executed at the defendant's residence, located at 2919 West Balmoral, Chicago, Illinois, resulting in the seizure of twelve (12) computers. A subsequent forensic examination of the computers revealed several images of child erotica and child pornography. The examination also revealed that SMITH maintained cataloged files of all of his models, including their biographical information.

17. Some of the images described above were titled "adrianne14" and depicted what appeared to be photographs of a fully clothed young girl. However, additional photographs in this same series depicted the same young girl, naked and engaged in acts of self masturbation. FBI subsequently made a positive identification of the young girl and determined that she is fourteen (14) years of age and lives in Carnesville, Georgia. Agents also located a series of images of "Adrianne" on SMITH'S website, described in paragraph 15, above.

18. On December 11, 2001, the Georgia Bureau of Investigations (GBI) reported that it had received a tip that SMITH, a registered sex offender, runs a website called Photostudio17.com. According to the GBI, SMITH solicits photographs of girls to upload to the website.

19. On February 18, 2002, a reporting party contacted the National Center for Missing and Exploited Children and reported that SMITH has a "golden collection" which the reporting party has not seen. According to the reporting party, SMITH advised that he

000433

Exhibit #2

Really does love me.
But I'm waiting for some-
thing else. hmmm.
But I'm doing some work
in chicago this month
get paid only $100 now though.

Anyways, my mom absolutely
hates you and requested
I stop speaking to you.

I am absolutly, horrified,
and speechless about the Quote,
and statements said or
typed in the affidavit.

You need to tell those people,
they have lost their mind!
and make up too much Bull
shit.

You have NEVER EVER TAKEN
ANY PIX OF ME IN ANY NUDE.
OR EXPLIT FASHION- WHERE IS THEIR
PROOF! Grrr!

Damn, I am so tired of this
on going shit. I will tell
the world, even take a polygraph
test to testify, you have never
taken any.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                              )
                          Plaintiff,        )
                                            )
v.                                          )   Case No.: 1:07-cv-01183
                                            )
                                            )
FEDERAL BUREAU OF INVESTIGATION,            )
                          Defendant.        )

EXHIBIT "2"

United States Postal Inspector's Report



United States Postal Inspection Service
Restricted Information

Print Date: 05/23/
Print Time: 13:17.0

Case Summary Report
Case Number: 0731-1349273-CE(1)

Page 1 of
Requestor: USPIS\DAKepcha

**D.A.Kepchar**    MAY 23 2005
Inspector's Name Signature/Date

**Debra A. Hams** (Debra Ottrun)
Reviewer's Name & Signature/Date
5/23/05

Assigned To: KEPCHAR, DAVID A
Division: 305-CHICAGO                          WRN: 3916
Office: CHICAGO IL 60625-0000                                   Team No.: 0606
Date of Jacketing: 11/14/2001

Date Closed:  MAY 23 2005        FY: 2002

**Case Description (Subject Narrative):**
INVESTIGATION INTO PRODUCTION AND DISTRIBUTION OF CHILD EROTICA UNDER BUSINESS OFFERING TEEN MODELING
OPPORTUNITIES FOR GIRLS.  ALLEGED MANUFACTURE OF CHILD PORNOGRAPHY BY CHILD MODELS UNDER AGE OF 16.

**Other Agencies / Task Forces**

**AgencyName**

Cook County Sheriff's Police Department
Federal Bureau of Investigation
Federal Bureau of Investigation - Kansas City, MO
US Postal Inspection Service

**Prosecutor(s) Office**

Prosecutor(s) Name

**Suspects**

| ISN | Name | SSN | DOB | Sex | Race |
|-----|------|-----|-----|-----|------|
|     |      |     |     |     |      |

**Subjects**

| ISN | Name | SSN | DOB | Type |
|-----|------|-----|-----|------|
| 1196508 | SMITH, GARY LEE | 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 | 06/20/1966 | Case Subject |
| 1196510 | IMAGINEERING INC |  |  | Suspect Business - Promotion |



United States Postal Inspection Servic
Restricted Information

Case Summary Report
Case Number: 0731-1349273-CE(1)

Print Date: 05/23/
Print Time: 13:17.

Page 2 of
Requestor: USPIS\DAKepch

## Summary of Credited Events

| CreditedDate | EventCode |
|---|---|
| | Investigation Details |
| 09/17/2004 | Investigation Details |
| 09/17/2004 | Link Case to Agency |
| 09/17/2004 | Link Case to Agency |
| 09/17/2004 | Link Case to Agency |
| 02/22/2005 | Link Case to Agency |
| 04/05/2005 | Change Case Subject Relation Type |
| 04/05/2005 | Change Case Subject Relation Type |
| 05/23/2005 | Request for Case Closing |



United States Postal Inspection Servic
Restricted Information

Print Date: 05/23/0£
Print Time: 13:17.0£

Case Summary Report
Case Number: 0731-1349273-CE(1)

Page 3 of £

Requestor: USPIS\DAKepchar

| Date | Activity |
|---|---|
| | ON NOVEMBER 13, 2001, POSTAL INSPECTORS AND SPECIAL AGENTS FROM THE FBI FIELD OFFICE, EXECUTED A FEDERAL SEARCH WARRANT ON PROPERTY IN THE POSSESSION OF THE COOK COUNTY ILLINOIS SHERIFF'S POLICE DEPARTMENT, SEIZED BY THEM ON A STATE SEARCH WARRANT, PURSUANT TO INVESTIGATION THAT GARY LEE SMITH WAS OPERATING A TEEN MODELING BUSINESS INVOLVING CHILDREN AS YOUNG AS 14 YEARS OLD.  SMITH IS A REGISTERED SEX OFFENDER WITH A VICTIM UNDER THE AGE OF 18, ORIGINATING FROM A STATE OF ARKANSAS CRIMINAL CONVICTION DURING 1998. -- THE COOK COUNTY SHERIFF'S POLICE INITIATED INVESTIGATION BASED ON A TELEPHONE COMPLAINT RECEIVED DURING APRIL 2001, AND SUBSEQUENT COMPLAINTS SUBMITTED TO THE ILLINOIS STATE POLICE SEZ OFFENDER REGISTRATION DEPARTMENT, REPORTING A WEBSITE OPERATED BY GARY SMITH DISPLAYING YOUNG TEEN EROTICA.  INDEPENDENT OF THE SHERIFF'S POLICE INVESTIGATION, FBI SPECIAL AGENTS FROM THE KANSAS CITY MO FIELD OFFICE HAD INITIATED INVESTIGATION DURING FEBRUARY 2001, BASED ON A COMPLAINT THAT A 12 YEAR OLD GIRL WAS A VICTIM OF GARY SMITH TAKING NUDE PHOTOGRAPHS OF HER DURING A MODELING SESSION. -- DURING OCTOBER 2001, THE INSPECTION SERVICE MIDWEST DIVISION, ST. LOUIS, MO OFFICE, BECAME INVOLVED BASED ON THE COMPLAINT OF A 16 YEAR OLD GIRL, THAT GARY SMITH HAD TAKEN "INAPPROPRIATE" PHOTOGRAPHS OF HER DURING MODELING SESSIONS.  AT THE REQUEST OF THE U.S. ATTORNEY'S OFFICE, NORTHERN DISTRICT OF ILLINOIS, ON NOVEMBER 7, 2001, POSTAL INSPECTORS AND FBI AGENTS FROM CHICAGO WERE CALLED UPON TO JOINTLY CONDUCT AN INVESTIGATION INTO THE COMPLAINTS TO DETERMINE IF GARY SMITH WAS MANUFACTURING AND DISTRIBUTING CHILD PORNOGRAPHY THROUGH HIS BUSINESS ENTERPRISE. -- GARY L. SMITH OPERATES WEBSITES, WWW.IMGR.COM AND WWW.PHOSTUDIO17.COM AND AN INTERNET CHATROOM THROUGH YAHOOIGROUPS, NAMED PSTUDIO17 - PHOTOSTUDIO17 FAN CLUB, UNDER THE BUSINESS NAME IMAGINEERING, INC., CHICAGO, IL. HE OFFERS ON-LINE SUBSCRIPTION ACCESS TO MODEL PORTFOLIOS AND SELLS AND DISTRIBUTES TEEN-AGE GIRL MODELING PHOTOGRAPHS AND VIDEOS ON CD-ROM AND VIDEO RECORDING OF MODELING SESSIONS ON VHS TAPES. -- ITEMS SEIZED INCLUDED 14 COMPUTERS AND SERVERS LINKED TO A NETWORK SUPPORTING THE TEEN MODELING BUSINESS ENTERPRISE.  BY AGREEMENT WITH THE LOCAL FBI FIELD OFFICE, THE INSPECTION SERVICE WILL CONDUCT THE COMPUTER FORENSICS TO SEARCH FOR DIGITAL EVIDENCE OF CHILD PORNOGRAPHY AND RELATED RECORDS OR CORRESPONDENCE. INSPECTOR GREG CAOUETTE, FIELD PROGRAM MANAGER DIGITAL EVIDENCE IS BEING CALLED UPON TO UNDETAKE THE EXAMINATION AND ANALYSIS OF THE OVERWHELMING AMOUNT OF RECORDS AND FILES CONTAINED IN SUCH LARGE DATA BASES. -- APPRECIATION IS EXTENDED TO INSPECTOR BECKY POWERS, MIDWEST DIVISION FOR CONDUCTING A THOROUGH INTERVIEW WITH THE 16-YEAR OLD GIRL, CONTRIBUTING TO THE PROBABLE CAUSE SUFFICIENT TO SUPPORT ISSURANCE OF THE SEARCH WARRANT. |
| 09/17/2004 | |

-----------------------------------------------------------
Entered By:USPIS\DAKepchar On:9/17/2004 1:48:59 PM
-----------------------------------------------------------

Limited attention has been given to this investigation since case jacketing following the seizure of Internet business computers used by Subject Gary Lee Smith for the sales and distribution of erotic teen modeling photographs and videos.  On October 27, 2001, the Cook County Sheriff's Police executed a state search warrant on the business/residential premises of Smith.  On site search examination by Inspector Robert A. Williams found materials suggesting the manufacture and distribution of erotic photography and videos of young teen girls, under the age of 18 by use of the mails and Internet subscription services.

The state search warrant inventory was transferred from the Cook County Sheriff's Police by Federal Search Warrant applied for by Chicago FBI SA Tracie E. Keegan assigned to the Crimes Against Children squad.  This transfer occurred on November 13, 2001.  Joint investigation was agreed upon in partnership with the Chicago FBI Field Office as the lead agency, and the Inspection Service Chicago Division sponsored Child Exploitation Task Force, which included the Cook County Sheriff's Police.

County law enforcement sought the assistance of federal agency resources to conduct computer forensic examination of fourteen (14) computers and servers linked to a network supporting the teen modeling enterprise.  Due to extensive FBI CART examination back logs, our agency initially supported forensics on the computers.  Inspector Ronnie Redus, Computer Forensics Analyst completed examination on four (4)

**Restricted Information**

Print Date: 05/23/05
Print Time: 13:17.03

**Case Summary Report**
**Case Number: 0731-1349273-CE(1)**

Page 4 of 5

Requestor: USPIS\DAKepchar

stand alone computers not connected to the network. Investigation focused on a lead that a private series of digital photographs existed known as the "Golden Collection." There was no conclusive finding of child pornography images. Review and examination of seized materials disclosed that images were of child erotica rather than child pornography.

Due to limited resources by the Inspection Service to forensically examine the extensive and complex network of the remaining ten (10) computers, and not finding a direct nexus to mailing child pornography, the seized computers were transferred to the FBI on May 30, 2002 to complete examination.

Based on complaints and information disclosed by former teen models, investigative focus shifted to locating and identifying alleged victims of molestation by Smith during photography sessions. Independent of investigation in Chicago, but in coordination with FBI field offices, FBI special agents from the Kansas City, MO Field Office had initiated investigation during February 2001, based on a complaint that a 12-year old girl was a victim of Smith taking nude photographs of her during a modeling session. Cross reference FBI case file no. 305A-BA-80998-E6522-KC assigned to lead case agent, A-SSA John Brunell.

*b7D*                                                        *b7C*

Continued interviews with former teen models identified another former model, named ██████████ of Boulder City, NV 89005, who as a minor, had been approached by Smith to pose in sexually explicit photographs. Witness ██████████ met with Las Vegas domicile Inspector G.D. Boyakins and without explanation, voluntarily turned over a CD-ROM containing images of teen models in explicit poses allegedly taken by Smith.

This CD-ROM was logged into evidence under Form 715, Evidence Tag No. A00854970. Review and analysis of this disk found 41 jpg digital images of unidentified nude juvenile females (ages not determined). Six images depicted two girls engaging in direct physical sexual contact with an unidentified adult white male. This compilation of digital still photographs is believed to be Smith's "Golden Collection." The original CD-ROM was transferred to the FBI CART ITS/FE in Kansas City, MO for examination at the request of Federal prosecutors in preparation for trial charging Smith with Sexual Exploitation of Children, then later transferred for permanent retention by the prosecution.

Prosecution was lead by AUSA Katharine Fincham, in U.S. District Court, Western District of Missouri (Joplin) under Criminal Docket No.: 3:02-CR-05019-All;
Case Title: USA v. Smith; Defendant: Gary Lee Smith. Smith was indicted on March 28, 2002 charging violations of 18 USC 2251 and 2252 Sexual Exploitation of Children/Minors. A warrant was issued by the court, and Smith was arrested on May 8, 2002. A two day bench trial was held on April 21 and 23, 2003 by the Honorable Judge Richard E. Dorr. Smith was found guilty on all three indictment counts. Smith was sentenced on October 20, 2003, committed to custody of BOP for 235 months on the indictment counts, followed by 5 years supervised release, and pay $20,800 to victim restitution.

*b7D*

Witness ██████████ summoned to testify as a government witness, but was not called upon. Images contained on the CD-ROM disk she provided contained sexually explicit photographs taken by Smith of 12 year old victim, ██████████ The same victim photographs, obtained by another FBI source, were used as trial evidence.    *b7D*

Case submitted for closing without reporting of statistical events. Although significant Inspection Service contributions were made, there was no direct nexus to the use of the mails in the commission of crimes committed by Gary Lee Smith.

Reported by Team Leader Inspector David A. Kepchar
CE Team No. 0606 Chicago Division

09/17/2004

---

Entered By:USPIS\DAKepchar On:9/17/2004 10:46:25 AM

---

Event: Link Case to Agency
Agency Name: Other
City: Kansas City
State/Province: MO
Country:

United States Postal Inspection Servic
Restricted Information

Print Date: 05/23/05
Print Time: 16:04.27

**Case Summary Report**
**Case Number: 0731-1349273-CE(1)**

Page 5 of 5

Requestor: USPIS\DAKepchar

| | |
|---|---|
| | Country: |
| 09/17/2004 | |
| | ---------------------------------------------------------- |
| | Entered By:USPIS\DAKepchar On:9/17/2004 10:47:00 AM |
| | ---------------------------------------------------------- |
| | Event: Link Case to Agency |
| | Agency Name: Federal Bureau of Investigation-Chicago, IL |
| | City: Chicago |
| | State/Province: IL |
| | Country: UNITED STATES |
| 09/17/2004 | |
| | ---------------------------------------------------------- |
| | Entered By:USPIS\DAKepchar On:9/17/2004 10:47:39 AM |
| | ---------------------------------------------------------- |
| | Event: Link Case to Agency |
| | Agency Name: Cook County Sheriff's Police Department-Maywood, IL |
| | City: Maywood |
| | State/Province: IL |
| | Country: |
| 02/22/2005 | |
| | ---------------------------------------------------------- |
| | Entered By:USPIS\DAKepchar On:2/22/2005 11:30:01 AM |
| | ---------------------------------------------------------- |
| | Event: Link Case to Agency |
| | Agency Name: US Postal Inspection Service-Chicago, IL |
| | City: Chicago |
| | State/Province: IL |
| | Country: UNITED STATES |
| 04/05/2005 | The Case Subject Relation type for GARY LEE SMITH, ISN : 1196508, was changed from Suspect to Case Subject. |
| 04/05/2005 | The Case Subject Relation type for IMAGINEERING INC, ISN : 1196510, was changed from Unknown to Suspect Business - Promotion. |
| 05/23/2005 | Request for Case Closing:No Further Action |
| 05/23/2005 | Case Closing is approved. Case Status and Case Resolution is changed. |

## Narrative Reports

| Date | Type | Document Name | Subject(s) |
|---|---|---|---|
| 04/05/2005 | text/richtext | Response to HQ Counsel FOIA Request April 2005.rtf | |
| 09/17/2004 | application/octet-stream | CAR Narrative - Final for Case Closing Sep 2004.doc | |
| 09/17/2004 | application/octet-stream | Lab Request - Digital Evidence Gary Smith CD-R.doc | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                    )
                   Plaintiff,     )
                                  )
v.                                )   Case No.:  1:07-cv-01183
                                  )
                                  )
FEDERAL BUREAU OF INVESTIGATION,  )
                   Defendant.     )


EXHIBIT "3"

October 20, 2006 Appeal Letter

20 - Oct - 06                                                    page 1 of 2

Co - Director, Office of Information & Privacy
United States Department of Justice
1425 New York Avenue, NW
Suite 11050
Washington, DC 20530 - 0001

RE: FOIA Appeal of 1060084-000

Dear Sirs:

   Pursuant to Title 5 U.S.C. § 552, the Freedom of Information act and
Title 5 U.S.C. § 552a, the Privacy act, I am appealing the October 10,
2006 denial of my request for records by David M. Hardy.

The information sought is discoverable under Habeas Corpus proceedings
(refer to 06-3507, C.A. 8 (mo)) under rules of discovery because my
need to demostrate my illegal confinement GREATLY outweighs ANY
governmental interest in non-disclosure. See Rice v Black, 112 FRD 620,

In accordance with Title 5 U.S.C. § 552 (a)(b)(E)(i), I am requesting
an expedited processing of this appeal because if these records are delayed,
I will suffer a substantial loss of due process. I expect a reply within
ten (10) days (calendar days) after the date of receipt of this appeal
(see Title 5 U.S.C. § 552(a)(6)(E)(ii)(I)).

Accordingly, this appeal should be determined no later than twenty (20)
days of the receipt of this appeal (excepting Saturdays, Sundays and
legal public holidays). (see Title 5 U.S.C. § 552(a)(6)(A)(ii)).

DOJ - FBI FOIA appeal                                      page 2 of 2
20-Oct-06

You may respond to me at:    Gary L. Smith
                             # 52962-019
                             P.O. Box 150160
                             Atlanta, Georgia 30315

For the purposes of a compelling need, as described herein, I certify
that the foregoing is true and correct to the best of my knowledge
and belief. (Title 5 U.S.C. § 552 (a)(6)(E)(vi)).

Executed on: 20 -Oct-06          by: _____
                                     Gary L. Smith

CERTIFIED MAIL: 7006 0810 0002 1918 8584

cc: File

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                    Plaintiff,          )
                                        )
v.                                      )   Case No.:  1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                    Defendant.          )


EXHIBIT "4"


August 4, 2004 Responsive Letter



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

Mr. Gary L. Smith                                    August 4, 2006
**52962-019
Post Office Box 2068
Inez, KY 41224

Request No.: 1039550
Subject: Gary L. Smith

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request dated March 30, 2006.

A search of the indices to our central records system files at FBI Headquarters revealed no records responsive to this request. Originally this request was consolidated with your January 31, 2006 request. Both of these requests were for information which would be located by searching the automated indices at FBI Headquarters under the name of the subject. Since the January request had produced a no records response, no response to your March 30, 2006 request had been made prior to the filing of your complaint in the District Court. Nonetheless, we conducted another search of our central records system for files at FBI Headquarters. No records were found to be responsive. Pursuant to 28 C.F.R. Section 16.3(a) and 16.41(a), if you believe there could be records located at an FBI field office, you can send a separate request to the field office in which you believe you may have records.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                              )
                        Plaintiff,          )
                                            )
v.                                          )   Case No.:  1:07-cv-01183
                                            )
                                            )
FEDERAL BUREAU OF INTESTIGATION,            )
                        Defendant.          )

EXHIBIT "5"

August 18, 2006 Appeal Letter

18-Aug-06

Co-Director, Office of Information and Privacy
United States Department of Justice
Flag Building
Suite 570
Washington, DC 20530

RE: Appeal of FOIA/PA 1039550

Dear Sirs:

Please accept this letter as a formal appeal of FOIA/PA
request 1039550. In your denial, you stated there were
no records referencing myself. This is an inaccuracy.
Please observe:

- FOIA Request 1009611-000 generated records.
- FBI Search Warrant 2:02-MJ-026 from the
  Northern District of Georgia.
- FBI File Number: 305A-BA-80998-E6522-KC
- Prosecution from Western District of Missouri
  (02-05014)
- Records exist in Chicago, IL, Las Vegas, NV,
  Los Angeles, CA, and Tampa, FL, by testimony
  of FBI agents.

I've requested a detail imaging of all records within
your custody, possession and/or control pursuant to
Vaughn v Rosen, 484 F2d 820.

Page 2

FBI Appeal
18-Aug-06

In accordance with Title 5 U.S.C. § 552, et seq, your
agency has twenty (20) days (excluding Saturdays, Sundays
and public legal holidays) upon receipt of this notice.

Please note a NEW address:
    Gary L. Smith
    # 52962-014
    P.O. Box 150160
    Atlanta, Georgia 30315

Thank you for your prompt attention to this matter.

Sincerely,

Gary L. Smith

CERT. MAIL :   7006 0810 0002 1920 2013

cc: file

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                    Plaintiff,          )
                                        )
v.                                      )   Case No.:  1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                    Defendant.          )

EXHIBIT "6"

October 20, 2006 Appeal Letter

20-Oct-06                                                      page 1 of 2

Co-Director, Office of Information & Privacy
United States Department of Justice
1425 New York Avenue, NW
Suite 11050
Washington, DC 20530-0001

RE: FOIA appeal 06-3165 (original FOIA Request No 1039550)

Dear Ms. Jones:
    I am in receipt of your October 10, 2006 letter.

    In accordance to Title 5 U.S.C. § 552 (a)(6)(A)(ii), you have twenty
(20) days (excepting Saturdays, Sundays and legal public holidays) to
determine the appeal. You letter admitted to receiving the appeal
on September 20, 2006. Twenty days expired on October 18, 2006.

    You did not claim any unusual circumstance, as described in
Title 5 U.S.C. § 552 (a)(6)(B)(i) or (iii), nor was any request
made for a time extension or asked me to limit my request.

    Therefore, pursuant to Title 5 U.S.C. § 552 (a)(6)(C)(i), it has
been deemed that I have exhausted my administrative remedies
with respect to this request. Your agency has failed to comply
with the applicable time limits provisions of Title 5 U.S.C. §
552 (a)(6)(A)(ii).

DOJ - FBI FOIA appeal                                        Page 2 of 2
20-Oct-06

   I have been left with no choice but to file a complaint in
the United States District Court.


   Sincerely

   Gary L. Smith


CERTIFIED MAIL: 7006 0810 0002 1918 8584

cc: File

JN THE UNJTED STATES DJSTRJCT COURT
FOR THE DJSTRICT OF COLUMBJA

Gary L. Smith,                        )
                    Plaintiff,        )
                                      )
v.                                    )   Case No.:   1:07-cv-01183
                                      )
                                      )
FEDERAL BUREAU OF JNVESTJGATJON,      )
                    Defendant.        )

EXHJBJT "7"

September 20, 2006 Acknowledgement Letter



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

1300 Summit

Kansas City, Missouri 64105
September 20, 2006

Gary L. Smith
#52962-019
P.O. Box 150160
Atlanta, Georgia 30315

Dear Mr. Smith:

        This is in response to your Freedom of Information Act
("FOIA")/Privacy Act request received by this Office on September
19, 2006.

        We have referred your request to FBI Headquarters
("FBIHQ") for processing. The Record/Information Dissemination
Section ("RIDS") at FBIHQ will maintain your request in the order
it was received and will assign it for processing and response in
turn. In addition, RIDS will assign your request a FOIPA number
and advise you of that number as soon as possible. Any future
correspondence concerning this request should be directed to FBI
Headquarters, RID Section, 935 Pennsylvania Avenue, NW,
Washington, DC 20535-0001.

                        Sincerely,

                        Kevin L. Stafford
                        Special Agent in Charge

                        By:
                        Michael T. Pettry
                        Chief Division Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                              )
                        Plaintiff,          )
                                            )
v.                                          )   Case No.: 1:07-cv-01183
                                            )
                                            )
FEDERAL BUREAU OF INVESTIGATION,            )
                        Defendant.          )


EXHIBIT "8"


October 17, 2006 Appeal Letter

17-Oct-06                                        page 1 of 2

Co-Director, Office of Information & Privacy
United States Department of Justice
FLAG Building
Suite 570
Washington, DC  20530-0001

RE: FOIA/PA Appeal from 18-Aug-06  #1039550

Dear Sirs:

On 18-Aug-06, I filed a Freedom of Information request to the Federal Bureau of Investigations (see enclosed copy).

As of this date, there has been no response. Pursuant to Title 5 U.S.C. § 552 (a)(6)(C)(i), it has been deemed exhausted. There has been no exceptional circumstances to warrant any delay. I have deemed the lack of response as a denial of my request and therefore I am promptly filing this appeal.

In accordance with Title 5 U.S.C. § 552 (a)(6)(A)(ii), I am expecting a response within twenty (20) days, excluding Saturdays, Sundays and legal public holidays, from the receipt of this appeal.

Pursuant to Title 5 U.S.C. § 552 (a)(6)(E)(i), I am requesting an expedited processing of this request because if these records are delayed, I will suffer a substantial loss of due process. I am involved in a Habeas Corpus appeal, for which there is no discovery available and I need this information for the appeal.

DOJ Appeal - FOIA                                    page 2 of 2
17 - Oct - 06

You may respond to me at: Gary L. Smith
                          52962-019
                          P.O. Box 150160
                          Atlanta, Georgia 30315

When responding, reference FOIA-FBIHQ-061017 in any
future correspondence with me.

I certify under penalty of perjury under the laws of the United
States, that the foregoing is true and correct.

Executed on: 17-Oct-06        by: _____
                                    Gary L. Smith

CERTIFIED MAIL: 7006 0810 0002 1918 9291

cc: file

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                        )
                    Plaintiff,        )
                                      )
v.                                    )   Case No.:  1:07-cv-01183
                                      )
                                      )
FEDERAL BUREAU OF INVESTIGATION,      )
                    Defendant.        )

EXHIBIT "9"

December 26, 2006 Appeal Letter

26-Dec-06

Office of Information and Privacy       certified mail
United States Department of Justice    7006 2760 0001 6725 1682
1425 New York Avenue, NW
Suite 11050
Washington, DC 20530-0001

RE: Appeal of FOIA/PA Request dated 6-Nov-06

Dear Sirs:

Please accept this letter as a formal appeal of my November 6, 2006 FOIA/PA request made to the Springfield, Illinois field office of the Federal Bureau of Investigation. (certified mailing, 7006 0810 0002 1918 9369, received 10-Nov-06). The Springfield office responded on November 13, 2006, stating my request was forwarded to FBI HQ. There has been no further response. Pursuant to Title 5 U.S.C. § 552(a)(6)(C)(i), I have deemed exhausted my administrative remedy.

You may respond to me at: Gary L Smith #52962-019, P.O. Box 150160, Atlanta, Georgia 30315.

Sincerely

Gary L Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                        Plaintiff,      )
                                        )
v.                                      )  Case No.:  1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                        Defendant.      )


EXHIBIT "10"


December 26, 2006 Appeal Letter

26-Dec-06

Office of Information and Privacy               certified mail
United States Department of Justice            7006 2760 0001 6725 1682
1425 New York Avenue, NW
Suite 11050
Washington, DC 20530-0001

RE: Appeal of FOIA/PA Request dated 6-Nov-06


Dear Sirs:

Please accept this letter as a formal appeal of my November 6, 2006 FOIA/PA request made to the Sacramento field office of the Federal Bureau of Investigations (certified mailing 7006 0810 0002 1918 9338, received on 13-Nov-06). As of this mailing, there has been no response. Pursuant to Title 5 U.S.C. §552 (a)(6)(c)(i), I have deemed exhausted my administrative remedy.

You may respond to me at: Gary L. Smith #52962-019, P.O. Box 150160, Atlanta, Georgia 30315

Sincerely

Gary L. Smith

IN THE UNITED STATES DISTRCIT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                              )
                    Plaintiff,              )
                                            )
v.                                          )    Case No.:  1:07-cv-01183
                                            )
                                            )
FEDERAL BUREAU OF INVESTIGATION,            )
                    Defendant.              )


EXHIBIT "11"

January 9, 2007 Acknowledgement Letter



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

January 9, 2007

Mr. Gary L. Smith
**52962-019
Post Office Box 150160
Atlanta, GA 30315

Request No.: 1062405-000
Subject: Smith, Gary, L.

Dear Mr. Smith:

This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the Los Angeles Field Office. This request was forwarded to FBI Headquarters for handling. The FOIPA number listed above has been assigned to your request.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRCIT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                    )
                  Plaintiff,      )
                                  )
v.                                )  Case No.:  1:07-cv-01183
                                  )
                                  )
FEDERAL BUREAU OF INVESTIGATION,  )
                  Defendant.      )

EXHIBIT "12"

October 20, 2006 Appeal Letter

20 - Oct - 06                                                    page 1 of 2

Co-Director, Office of Information & Privacy
United States Department of Justice
1425 New York Avenue, NW
Suite 11050
Washington, DC 20530-0001

RE: FOIA appeal 06-3165 (original FOIA Request No. 1039550)

Dear Ms. Jones:

I am in receipt of your October 10, 2006 letter.

In accordance to Title 5 U.S.C. § 552 (a)(6)(A)(ii), you have twenty (20) days (excepting Saturdays, Sundays and legal public holidays) to determine the appeal. Your letter admitted to receiving the appeal on September 20, 2006. Twenty days expired on October 18, 2006.

You did not claim any unusual circumstance, as described in Title 5 U.S.C. § 552 (a)(6)(B)(i) or (iii), nor was any request made for a time extension or asked me to limit my request.

Therefore, pursuant to Title 5 U.S.C. § 552 (a)(6)(C)(i), it has been deemed that I have exhausted my administrative remedies with respect to this request. Your agency has failed to comply with the applicable time limit provisions of Title 5 USC § 552 (a)(6)(A)(ii).

DOJ - FBI FOIA appeal                                                          page 2 of 2
20-05-26

   I have been left with no choice but to file a complaint in
the United States District Court.


Sincerely

*[signature]*

Gary L. Smith




CERTIFIED MAIL: 7006 0810 0002 1918 8584

cc: file

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                        )
                    Plaintiff,        )
                                      )
v.                                    )   Case No.: 1:07-cv-01183
                                      )
                                      )
FEDERAL BUREAU OF INVESTIGATION,      )
                    Defendant.        )

EXHIBIT "13"

November 6, 2006 Denial Letter



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

**NOV 0 6 2006**

Mr. Gary L. Smith
Register No. 52962-019
United States Penitentiary
Post Office Box 150160
Atlanta, GA 30315

Re:  Appeal No. 07-0163
Request No. 1060084
DJM:JTR

Dear Mr. Smith:

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for access to records pertaining to yourself was received in this Office on October 31, 2006.

Your appeal has been assigned number **07-0163**.  Please mention this number in any future correspondence with this Office regarding this appeal.

You have requested expedited treatment of your appeal.  An appeal will be taken out of chronological order based on the date of receipt and given expedited treatment by the Department of Justice only when it is determined to involve:  (1) circumstances in which lack of such treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (2) an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information; (3) the loss of substantial due process rights; or (4) a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.  See 28 C.F.R. § 16.5(d)(1) (2006).  This Office makes determinations regarding the first three categories, while initial requests made pursuant to the fourth standard are acted upon by the Department's Director of Public Affairs in the first instance.  See id. § 16.5(d)(2).

Because your appeal letter made reference to Eighth Circuit "Habeas Corpus proceedings," because you stated that you "need [the request records] to demonstrate [your] illegal confinement," and because you asserted that "if these records are delayed, [you] will suffer a substantial loss of due process," I have construed your request for expedited treatment as made pursuant to the third standard listed above, the due process standard.  Courts have held that expedited treatment for due process reasons generally should not be granted unless a requester shows that he is "facing grave punishment" in a pending criminal proceeding and that "there is a reason to believe that the information produced will aid in the individual's defense." Aguilera v. FBI, 941 F. Supp. 144, 150 (D.D.C. 1996).  Based on the information that you have provided, I

-2-

have determined that you do not meet either one of the parts of this test because you are seeking the requested records in relation to a pending civil proceeding rather than a pending criminal proceeding. Please be advised that courts have held that the need for information for use in a civil proceeding generally is insufficient to warrant expedited treatment. See, e.g., Rabin v. U.S. Dep't of State, 980 F. Supp. 116, 123 (E.D.N.Y. 1997); Cohen v. FBI, 831 F. Supp. 850, 854 (S.D. Fla. 1993); Freeman v. U.S. Dep't of Justice, No. 92-0557, slip op. at 3 (D.D.C. Oct. 2, 1992); cf. NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 & n.23 (1978) (FOIA not intended to function as discovery tool). This is true even where the civil proceeding is a post-conviction challenge aimed at overturning a criminal conviction. See, e.g., Edmond v. U.S. Attorney, 959 F. Supp. 1, 4 (D.D.C. 1997) ("[A] mere challenge to a conviction which might subsequently release [a] prisoner from incarcerative status does not warrant an expedited process."); Antonelli v. FBI, No. 84-1047, slip op. at 2-3 (D.D.C. Nov. 13, 1984) (declining to order expedited treatment where records sought solely for purpose of challenging conviction). Accordingly, I am denying your request for expedited treatment of your appeal.

    If you are dissatisfied with my action on your request for expedited treatment of your appeals, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

            Sincerely,

            Daniel J. Metcalfe
            Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                    Plaintiff,          )
                                        )
v.                                      )   Case No.: 1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                    Defendant.          )

EXHIBIT "14"

January 8, 2007 Notification Letter

8- Jan-07

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, NW
Suite 11050
Washington, DC 20530-0001

certified mail
7006 2760 0001 6725 1521

RE: FOIA 1065448-000

Dear Sirs:
   Your ____ 18, 2006 reply to my November 6, 2006 FOIA
request is untime, and I have deemed my administrative
remedies as exhausted on December 7, 2006.

   Your ____ that no records exist is in error. On or
about July ____ one from the FBI interviewed a
Samantha Blackmors, ___ Sarasota, Florida in connection
with me ____ the production of child pornography. Since
the Tampa off ____ of the FBI is closest to Sarasota, Florida,
an agent would have interviewed from there (as Ms. Blackmond
has stated "an agent ___ Tampa"). I suggest you use
the above information and search more diligently.

Sincerely
Gary L. Smith # 52762-019
P.O. Box 150160
Atlanta, Georgia 30315

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                    Plaintiff,          )
                                        )
v.                                      )   Case No.:  1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                    Defendant.          )

EXHIBIT "15"

December 4, 2008 FOIA/PA Request to USMS



GOVERNMENT
EXHIBIT
D

page 1 of 2

4 - Dec - 06

Office of General Counsel
United States Marshals Service
Department of Justice
Washington, DC 20530-1000

certified mail
7003 1680 0005 1199 9223

RE: Freedom of Information / Privacy Act Request

Dear Sirs:

Pursuant to Title 5 U.S.C. § 552, the Freedom of Information Act, and Title 5 U.S.C. § 552a, the Privacy Act, I am requesting disclosure and copies of the following:

• The documents (or the like), pursuant to Search Warrant 2:02-MJ-026 (N.D. of Georgia) [see Attached "A"]:

1) Copy of the forensic examination of my computers, refered to in paragraph #16;

2) Copies of the photographs described in paragraph #17;

3) Copies of the investigation (notes, documents, memorandum, etc.) that "positive identification of a young girl and determined that she is fourteen (14) years of age and lives in Carnsville, Georgia", as refered to in paragraph #17

4) Copy of the Georgia Bureau of Investigation's "tip", refered to in paragraph #18;

5) Copy of the report made to the National Center for Missing and Exploited Children, as refered to in paragraph #19;

6) Copies of any additional investigations of myself, as refered in paragraph #20; and

7) The location and/or disposition of property seized.

The information sought is discoverable under Habeas Corpus proceedings (refer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                        )
                    Plaintiff,        )
                                      )
v.                                    )   Case No.:  1:07-cv-01183
                                      )
                                      )
FEDERAL BUREAU OF INVESTIGATION,      )
                    Defendant.        )


EXHIBIT "16"


March 24, 2008 Letter from USMS to FBI FOIPA Officer



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-1000*

March 24, 2008

MEMORANDUM TO:    David M. Hardy, Chief,
Record/ Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, NW
Washington, D.C.  20535-0001.

FROM:    William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

SUBJECT:    FOI/PA Request No. 2007USMS10081
Requester:  Gary L. Smith

By letter dated December 4, 2006, the United States Marshals Service (USMS) received a request from Gary L. Smith for records pertaining to him and a search of his former residence, including any records allegedly created or reviewed by Cameron D. Roe.  According to the search warrant affidavit attached to Mr. Smith's December 4, 2006 request, Cameron D. Roe was an officer of the Roswell (Georgia) Police Department who was specially deputized for an assignment on the FBI "Innocent Images Task Force."  We have determined that the USMS has no documents directly responsive to Mr. Smith's December 4, 2006 request.

On behalf of Mr. Smith, and pursuant to a court order, we are forwarding his December 4, 2006 request to your agency for a determination on the existence and accessibility of any responsive documents.  This request is referred to you for direct reply to the requester.  A copy of the request is attached.

If you have any questions, please contact Arleta D. Cunningham at (202) 307-9052.

Attachment

cc: Gary L. Smith

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,                          )
                    Plaintiff,          )
                                        )
v.                                      )    Case No.:  1:07-cv-01183
                                        )
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
                    Defendant.          )


EXHIBIT "17"


March 20, 2008 FOIA/PA Request Letter

20-Mar-08

Federal Bureau of Investigations
attn: Freedom of Information
935 Pennsylvania Avenue, NW
Washington, DC   20535


RE: Freedom of Information Request

Dear Sirs:

Pursuant to Title 5 U.S.C. § 552 (the Freedom of Information Act)
and Title 5 U.S.C. § 552a (the Privacy Act), I am requesting
disclosure and copies of the following:

- Documents (or the like), pursuant to Searh Warrant 2:02-MJ-026
  (Northern District of Georgia):

  1. Copy of the forensic examination of my computers, refered
     to in paragraph #16;

  2. Copies of the photographs described in paragraph #17;

  3. Copies of the investigation (notes, documents, memorandum,
     etc.) that "positive identification of a young girl
     and determines that she is fourteen (14) years of age
     and lives in Carnsville, Georgia", as refered to in
     paragraph #17;

  4. Copy of the Georgia Bureau of Investigation's "tip"
     refered to in paragraph #18;

  5. Copy of the report made to the National Center for
     Missing and Exploited Children, as refered to in paragraph
     #19;

  6. Copies of any additional investigatoins of myself,
     as refered to in paragraph #20; and

  7. The location and/or dispostion of property seized from
     me.

In accordace with Title 5 U.S.C. § 552(a)(6)(A)(i), I am requesting
a reply from you within twenty (20) days, excepting weekends
and legal public holidays, upon receipt of this request.

You may reply to me at:   Gary L. Smith
                          #52962-019
                          P.O. Box 90043
                          Petersburg, Virginia   23805

Sincerely,

Gary L. Smith

CERTIFIED MAIL  7002 2030 0000 2919 8650

COPY

<u>Certificate of Service</u>

I, Gary L. Smith, hereby certify that a true and correct copy
of the following documents:

- Plaintiff's Opposition to Defendant's Motion To Dismiss
  or for Summary Judgment;

- Memorandum of Law and Facts;

- Declaration of Gary L. Smith;

- Exhibits 1 through 17; and

- Motion for Oral Arguments

have been sent via First Class, Postage Pre-paid mail using the
United States Postal Service by placing the foregoing into  the
institutional legal mail system (<u>Houston v. Lack</u>, 487 U.S. 266 (1988))
on this 18th day of August 2008 and addressed to the following
parties:


    United States District Court
    attn: Clerk of the Court
    333 Constitution Avenue, NW
    Washington, DC  20001


    Claire Whitaker
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W.
    Room E4204
    Washington, DC  20530


Executed on:  18-Aug-08           By: _____
                                      Gary L. Smith