UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
GARY L. SMITH,                         )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )   Civil Action No. 07-1183 (RWR)
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
                                       )
                                       )
        Defendant.                     )
_____)

MEMORANDUM OPINION

In this Freedom of Information Act ("FOIA") case, defendant was ordered to supplement the record with regard to (1) its withholding of certain information under FOIA exemption 7(D), (2) its withholding of entire documents, (3) its search for records in the FBI Tampa field office and (4) plaintiff's request for disciplinary records pertaining to Agent Cameron D. Roe. *See* Memorandum Opinion and Order ("Mem. Op.") of April 27, 2009 [Dkt. No. 58] at 13-14. Defendant now renews its motion for summary judgment [Dkt. No. 62], which plaintiff has opposed [Dkt. No. 64]. Upon consideration of the parties' supplemental submissions and the entire record, the renewed motion will be granted.

    1. FOIA Exemption 7(D)

Defendant had not justified withholding information under Exemption 7(D) based on an implied grant of confidentiality. *See* Mem. Op. at 10-11. Defendant further explains that "plaintiff has a propensity for violence," as evidenced by a pretrial detention motion filed in the criminal case that "highlights the fact that the plaintiff was indicted on three violent offenses[,]"

and "raises concerns that the plaintiff would obstruct or attempt to obstruct justice by threatening or intimidating witnesses," and by the FBI's receipt of "information that plaintiff threatened the victim and a witness in relation to his criminal trial." Sixth Declaration of David M. Hardy ("Hardy 6th Decl.") [Dkt. No. 62-2] ¶ 68. Given these additional facts and the nature of the investigated crime, *i.e.*, child sexual exploitation, defendant has now adequately justified withholding information based on an implied grant of confidentiality.

Plaintiff counters that "any information testified to by any of the witnesses at the Plaintiff's criminal trial" is not confidential and, thus, should have been disclosed. Plaintiff's Opposition to Defendant's Renewed Motion for Summary Judgment ("Pl.'s Opp'n") [Dkt. No. 64] ¶ 12. But "[p]rior disclosure of similar information does not suffice as a general waiver of a FOIA exemption; instead, it must be proven that the information requested has been officially released into the public domain." *Center for Intern. Environmental Law v. Office of U.S. Trade Rep.*, 505 F. Supp.2d 150, 158 (D.D.C. 2007) (citation omitted). " '[A] plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld.' " *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007) (quoting *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir.1983)). In the case of testimony, the government is then obligated "to disclose only the 'exact information' to which the source actually testified." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992) (quoting *Dow Jones & Co. v. Dep't of Justice*, 917 F.2d 571, 577 (D.C. Cir. 1990)). Thus, "even when [a confidential] source testifies in open court . . . he does not thereby 'waive the [government's] right to invoke Exemption 7(D) to withhold . . . information furnished by a confidential source not actually revealed in public.' " *Davis*, 968 F.2d at 1281 (quoting *Parker v.*

*Dep't of Justice*, 934 F.2d 375, 379-80 (D.C. Cir. 1991)). Plaintiff's general claim of prior disclosure through trial testimony fails to carry his burden of identifying with specificity the exact testimony that is duplicated in withheld materials. He has therefore not established his entitlement to the confidential source material properly withheld under Exemption 7(D).

    2. <u>Record Segregability</u>

Defendant had not provided any evidence to support a finding about record segregability. *See* Mem. Op. at 11. It subsequently determined that parts of two previously withheld pages could be released, Hardy 6th Decl., Ex. A., but continues to withhold 216 pages in their entirety under FOIA exemptions 2, 6, 7(C), 7(D) and 7(E). Hardy 6th Decl. .¶¶ 7-63. In addition, defendant identifies three pages that were properly withheld as duplicates of released pages. *Id*. ¶ 64. Mr. Hardy's descriptions of the withheld pages, *id*. ¶¶ 8-63, establish their content as third-party identifying information exempt from disclosure under Exemption 7(C) and confidential source information exempt from disclosure under Exemption 7(D). *See* Mem. Op. at 7-11. Moreover, Mr. Hardy confirms that the withheld pages were "carefully examined" for the specific purpose of determining whether they contained excisable material -- an examination that resulted in the supplemental release of two redacted pages. *Id*. ¶ 73.

Plaintiff challenges defendant's withholding of document 255 (a business card) because it allegedly belonged to him. Pl.'s Opp'n ¶ 21. Because a FOIA disclosure is made "to the public as a whole," *Stonehill v. I.R.S.*, 558 F.3d 534, 539 (D.C. Cir. 2009), plaintiff's possession of the document is irrelevant to the analysis. *See Swan v. S.E.C*., 96 F.3d 498, 499-500 (D.C. Cir. 1996) (finding the identity of the FOIA requester to be generally "of no significance") (citing cases). The withheld page "is a photocopy of what appears to be the back of a business card," containing exempt information, namely, a third-party address and the "names and identifying

information of third parties merely mentioned." Hardy 6th Decl. ¶ 12. Defendant has now properly justified its withholding of 216 responsive pages in their entirety.

Plaintiff contends that defendant "over-redacted" pages that were released to him and proffers as a comparison an unredacted copy of a document that the FBI had released with redactions, Pl.'s Opp'n at 6 & Exs. E-F, and a redacted document from the United States Postal Service, Pl.'s Ex. D. The latter document is irrelevant because it appears to have come from a non-party and has nothing to do with this case. As for the former two documents, plaintiff does not reveal the source of the unredacted document but assuming that he obtained it during discovery in the criminal proceedings, "a constitutionally compelled disclosure to a single party simply does not enter the public domain." *Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999). Moreover, "the fact that information exists in some form in the public domain does not necessarily mean that official disclosure will not cause harm cognizable under a FOIA exemption." *Wolf*, 473 F.3d at 238 (citation omitted). Thus, an agency responding to a FOIA request is not foreclosed from asserting exemptions to withhold information that it had previously disclosed to a party in a non-FOIA proceeding. *See Stonehill*, 558 F.3d at 539 (rejecting challenge to agency's separate FOIA review of documents previously reviewed in response to civil discovery request in part because "the stakes of disclosure [to the public at large] are greater in the FOIA context").

When, as here, the agency has shown that it released all reasonably segregable responsive records, no issue remains to be resolved under the FOIA. *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[O]nce all requested records are surrendered, federal courts have no further

statutory function to perform.").[1]  Defendant is now entitled to judgment on its withholding of responsive material.

     3.  <u>The Search for Records in the Tampa Field Office</u>

A released memorandum that was purportedly sent to the FBI's Tampa Field Office raised a question about the adequacy of defendant's search, which had located no records there. *See* Mem. Op. at 13.  Defendant conducted "a second search" of files in the Tampa Field Office "that [were] likely to yield records responsive to plaintiff's request," including "four obtainable cross-references," but located no responsive records.  Hardy 6th Decl. ¶ 72.  It therefore "has determined that the memorandum . . . may have been improperly indexed in our filing system[.]" *Id*.  Defendant's failure to uncover the memorandum from this otherwise adequate search "does not demonstrate the inadequacy of [the] search."  *Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 390 -391 (D.C. Cir. 2007) (citations omitted).  In the absence of any signs of bad faith in the agency's search, defendant is now entitled to judgment on its search for responsive records.  *See Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981) ("In order to prevail on this appeal [involving the agency's search], . . . appellant must point to evidence sufficient to put the Agency's good faith into doubt.").

     4.  <u>Records Pertaining to Agent Roe</u>

Defendant had not responded to plaintiff's request made to the Atlanta Field Office and FBI Headquarters for disciplinary records pertaining to Agent Cameron D. Roe.  *See* Mem. Op.

---

[1] Plaintiff claims for the first time that defendant has failed to release records that were referred to the FBI from the Executive Office for United States Attorneys.  Pl.'s Opp'n ¶ 23 & Ex. A.  Any claim based on the FBI's processing of the referred records is not only beyond the scope of this litigation, *see* Mem. Op. at 1-2, but is also premature because "the FBI is currently processing the[] referred records."  Pl.'s Ex. A (agency response to administrative appeal).

at 1 n.1.  Defendant is neither confirming nor denying the existence of such records as per FBI policy "when requests have been made for access to information pertaining to third parties[.]" 6th Hardy Decl. ¶ 69.  Such a response is commonly known as a "Glomar" response, *see Phillippi v. Central Intelligence Agency*, 546 F.2d 1009 (D.C. Cir. 1976) (involving a CIA response to a FOIA request for records pertaining to a ship, the "Hughes Glomar Explorer"), and is typically invoked to protect the privacy interests of third-party individuals under FOIA exemptions 6 and 7(C), *see Barbosa v. Drug Enforcement Admin*., 541 F. Supp. 2d 108, 110-11 (D.D.C. 2008) (noting agency explanation "that DEA employs Glomar responses to protect the privacy interests of third-party individuals pursuant to FOIA exemptions 6 and 7(C) and to prevent the drawing of adverse inferences from its responses to requests for confidential informant records").

Although Mr. Hardy has not cited any FOIA exemptions, he explains that any responsive "information [] would be exempt from disclosure in all instances where the personal privacy interests outweighs [sic] the public interest in disclosure."  Hardy 6th Decl. ¶ 69.  Mr. Hardy also contends, assuming the existence of responsive records, that the Glomar response avoids "the damage to the individual's personal privacy [that] would have already occurred by the mere confirmation of the existence of responsive records," *id*., and that if, as plaintiff suggests, Agent Roe is an FBI employee, "then he would have substantial privacy interests in his name and identifying information not being released."  *Id.* ¶ 70.

FOIA Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  All information that "applies to a particular individual" would qualify for consideration under this exemption.  *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); *see also New York Times Co. v. NASA*, 920 F.2d 1002, 1005

(D.C. Cir. 1990) (en banc).  Although Exemption 7(C) may be equally applicable, *see* Mem. Op. at 7-8, the requested records fall squarely within the type, *i.e.* "personnel" files, that Exemption 6 is designed to protect.  *See also Carter v. U.S. Dep't of Commerce*, 830 F.2d 388, 390 n.6 (D.C. Cir. 1987) ("The Supreme Court has held specifically that records of disciplinary proceedings are 'similar files' within the meaning of the statute.") (citing *Dep't of the Air Force v. Rose*, 425 U.S. 352, 376-77 (1976)).  The District of Columbia Circuit has identified "a [] general interest in protecting the privacy of [one's] employment records against public disclosure . . . [and] at least a minimal interest in not having it known whether those records contain or do not contain [disciplinary action]."  *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990).

Plaintiff's reasons for seeking Agent Roe's disciplinary records were previously found insufficient to warrant disclosure of the exempt records based on an overriding public interest, Mem. Op. at 8-9, and "something, even a modest privacy interest, outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989); accord *Consumers' Checkbook Center for the Study of Services v. U.S. Dep't of Health and Human Services*, 554 F.3d 1046, 1056 (D.C. Cir. 2009).  Because defendant's confirmation of records concerning "[a]ny adverse action or disciplinary reports on Agent Cameron D. Roe" would necessarily reveal the precise information Exemption 6 shields, the Glomar response was proper.  *See Dunkelberger*, 906 F.2d at 781 (holding with respect to request for agent's records "that Exemption 7(C) was properly invoked and the FBI's refusal to confirm or deny the existence of letters of reprimand or suspension [was] fully justified").[2]

---

[2] "We do not address the applicability of Exemption 6 because the district court did not rule on that issue." *Dunkelberger*, 906 F.2d at 781.

7

CONCLUSION

For the foregoing reasons, the FBI's final motion for summary judgment is granted. A separate final Order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: October 19th, 2009          United States District Judge